B. E. MONTGOMERY, TAX COLLECTOR, V. PEACH RIVER LUMBER COMPANY.

Decided February 24, 1909.

**1.—Growing Timber—Sale by Land Owner—Personal Property.**

Growing timber, when the title thereto has been transferred by the owner of the land upon which it stands, and the right given the transferee to enter and remove the same, becomes the personal property of the transferee and can no longer be regarded as a part of the realty.

**2.—Taxation—Timber Growing on County School Lands.**

Under the provision of the Constitution exempting from taxation the property of counties held for public purposes only, timber growing upon county school land is exempt from taxation if the timber is the property of the county on the first of January next preceding the date upon which the taxes sought to be collected were levied; but if at such time it was the property of a private person holding under a sale and transfer from the county, it is subject to taxation as personal property. Constitution, art. 11, sec. 9; art. 7, sec. 6; Acts 29th Leg., p. 72.

**3.—Judgment—Fundamental Error—Pleading.**

A judgment based upon pleadings which affirmatively show that the case made by the party in whose favor the judgment is rendered is not founded in justice and in law should be reversed for fundamental error notwithstanding the appellant in such case has failed to present an assignment pointing out the error.

**4.—Same—Taxation—Timber on County School Lands—Ownership.**

Where the petition to enjoin the collection of taxes on timber growing upon county school land alleged that previous to the levy the county duly and legally transferred such timber together with the right to enter and remove it for a valuable consideration in cash paid and vendor's lien notes, which notes had been paid and fully discharged before the first day of January of the year for which the taxes were levied, and that plaintiff had acquired all the rights of the county's vendee by proper conveyance, it appeared from the allegation that the timber was subject to tax as plaintiff's personal property, and a judgment in his favor was fundamentally erroneous.

**5.—Growing Timber—Ownership—Appeal—Reversal.**

Where the statement of facts and the court's finding only showed that the plaintiff had acquired from the county through mesne conveyances, for a con-

sideration fully paid, the right to cut and remove the timber from the county school land until a certain date, this did not show title in the timber while it remained on the land, so as to subject it to taxation; and this required the Appellate Court to remand the case on reversal, although the petition on its face showed that the plaintiff was not entitled to the relief sought and obtained below.

Appeal from the District Court of Montgomery County. Tried below before Hon. L. B. Hightower.

*W. M. Williams,* County Attorney, for appellant.

*Stewarts, Llewellyn & Kayser* and *Geo. T. Burgess,* for appellee.

PLEASANTS, Chief Justice.—This suit was brought by appellee against appellant, B. E. Montgomery, tax collector of Montgomery County, to enjoin the collection of taxes levied and assessed for the years 1905 and 1906, by the proper authorities of said county, upon the standing timber upon three leagues of land in said county granted by the State to Walker County for school purposes. The petition alleges facts showing the sale of the timber by Walker County to R. McDonald in February, 1902, and then alleges "That by proper conveyances the said Peach River Lumber Company, on the 9th day of July, 1902, became the owner of said timber and subrogated to the rights therein of the said R. McDonald, by virtue of his contract with Walker County. That said timber standing and growing upon the said land, during the years 1905 and 1906, was not subject to taxes, State and county, for the reason that same was part of the realty, never severed therefrom; and further, that the right to cut and remove from said land said timber thereon was a proper exercise by Walker County of its right to use said property for school purposes, and therefore said timber was not taxable by Montgomery County and the State of Texas. That B. E. Montgomery, tax collector, as aforesaid, is attempting to collect from complainant the sum of $596.-54, the amount of taxes assessed against said timber for the years 1905 and 1906, and that said B. E. Montgomery, tax collector, as aforesaid, is threatening and preparing to levy upon certain mules and oxen of complainant, to the value of $1,000, to satisfy said taxes, interest and costs, and that the tax so assessed against said timber is void, and that the threatened and attempted levy upon complainant's property is void, and prays for writ of injunction to issue to restrain the levy upon and sale of complainant's property."

A temporary restraining order was granted in vacation. The defendant answered at the next term of the court by general demurrer and general denial, and, upon final trial on January 23, 1908, a perpetual injunction was granted in accordance with the prayer of plaintiff's petition.

The following is the agreed statement of facts upon which the cause was tried in the court below: "First. That the Walker County three leagues grant was granted by the State of Texas to Walker County as school land for public school purposes; said grant being located in Montgomery County, Texas, and covered with pine timber.

"Second.  That plaintiff has acquired from Walker County, by mesne conveyances for a consideration fully paid, the right to cut and remove the timber from said land until December 31, 1909; and plaintiff has a contract right thereafter to cut and remove the timber until the year 1916 by the payment of a further sum in money.

"Third.  That Montgomery County, by its assessor, has regularly assessed for taxes the timber remaining on said land, being assessed as the property of plaintiff, the tax for 1905 and 1906 amounting to $596.54, and defendant is preparing to levy on and seize and sell certain mules and oxen belonging to plaintiff to satisfy said tax—said mules and oxen being of the value of $1,000—said levy, seizure and sale would be an irreparable injury, for which plaintiff has no adequate remedy at law."

The trial court, at request of appellant, filed conclusions of fact and law, the conclusions of fact so filed being an exact copy of the agreed statement above set out.

If, as alleged in the petition, appellee is the owner of the timber, the fact that it is growing upon lands of Walker County which are not subject to taxation would not exempt the timber from taxation. It is well settled that growing timber, when the title thereto has been transferred by the owner of the land upon which it stands and the right given the transferee to enter and remove the same, becomes the personal property of the owner, and can no longer be regarded as a part of the realty.  (Boykin v. Rosenfield & Co., 69 Texas, 118.)  Such being the rule of decision in this State, it would seem to necessarily follow that the purchaser of timber growing upon lands exempt from taxation could not claim such exemption for the timber so purchased; but to relieve the question of all doubt the Legislature, by an Act passed in 1905, expressly declared that timber held by persons or corporations and growing upon lands of the State shall be subject to assessment for taxation as other property.  The general principles of law involved are well settled, but their proper application to the facts disclosed by the record, or, to speak more accurately, the determination of the question of what facts we should consider established by the record, is one of difficulty.  Section 9 of article 11 of the Constitution of this State exempts from taxation the property of counties, cities and towns owned and held only for public purposes, and section 6 of article 7 of the same instrument declares: "All lands heretofore or hereafter granted to the several counties of this State for educational purposes are of right the property of said counties respectively to which they are granted, and title thereto is vested in said counties, . . . said lands and the proceeds thereof, when sold, shall be held by the counties alone as a trust for the benefit of public schools therein."

. Under these provisions of the Constitution it is clear that if the timber upon the school lands of Walker County was the property of said county on the first day of January next preceding the date upon which the taxes sought to be enjoined were levied, such timber was not subject to taxation and the injunction was properly granted.  If, on the other hand, it was at said time the property of appellee, it was

subject to taxation as other personal property owned by it, and the injunction should have been refused. The decision of the case depends entirely upon the determination of whether appellee acquired title to the timber under the contract made with Walker County by R. McDonald in February, 1902. The petition contains the following allegations:

"That heretofore, to wit, on or about the 21st day of February, 1902, said Walker County duly and legally transferred to one R. McDonald the timber then standing and growing on said land, together with the right to enter upon said land and remove the same up to and including the year 1909, with the further right, by the payment of an additional sum per acre, to enter and remove said timber up to the 12th day of February, 1916, said county receiving the sum of $5,000 in cash and two vendor's lien notes, one for the sum of $7,500 due in six months after said date, and the other for $12,500 due twelve months after date, and retaining the vendor's lien to secure the payment thereof, all of which notes have been fully paid and said lien thereon discharged prior to January 1, 1905. That by proper conveyances and for valuable consideration the said complainant herein did, on the 9th day of July, 1902, become the owner of and subrogated to all the rights of the said R. McDonald which he acquired under and by virtue of said contract with said Walker County as aforesaid."

We think the facts stated in these allegations clearly show that the title to the timber was conveyed to McDonald, and that as a purchaser under him appellee has acquired such title.

Neither the statement of facts nor the conclusions of fact filed by the trial judge contain a copy of this contract, and the findings of the judge, which are, as before said, a literal copy of the agreed statement of facts, only show that the plaintiff "has acquired from Walker County through mesne conveyances, for a consideration fully paid, the right to cut and remove the timber from said land until December 31, 1909." If this finding is taken as a full and accurate statement of the terms of the contract it fails to show title in appellee to the timber while it remains upon the land, and while so remaining such timber would not be subject to taxation. We have reached the conclusion, however, that we should not base our judgment upon this finding of fact and disregard the allegations of the petition before set out. After the allegations above quoted, the petition proceeds as follows:

"That said timber so standing and growing upon said land upon the date hereinafter mentioned was not subject to taxation against this complainant under said facts above alleged, for the same was then and there a part of the realty, never severed therefrom; and further, that complainant's right to enter said premises and cut and remove said timber therefrom so acquired as aforesaid from said Walker County was a proper exercise by said Walker County of its right to use said property for school purposes, and therefore said timber so standing and growing on said land on said dates was not taxable by said Montgomery County and said State of Texas."

It is, we think, apparent from these allegations that the theory upon which the suit was brought was that, so long as the timber remained upon the land, it was a part of the realty and, irrespective of the

question of ownership, it could not be assessed for taxes separate and apart from the land, and the land being exempt from taxation, such exemption was extended to the timber thereon, and no sale of the timber could defeat this exemption so long as it remained upon the land. This also seems to be the theory upon which the trial court based its judgment.

It is settled by the decisions of this State that the owner of land may sell or mortgage the timber growing thereon, and when such sale is made the timber becomes the personal property of the vendee. (Boykin v. Rosenfield, 69 Texas, 118.) If the timber in question was the property of appellee, the fact that it was growing upon school lands of Walker County, which are exempt from taxation under the Constitution, would not defeat the right of Montgomery County to tax said timber. The cases of Daugherty v. Thompson, 71 Texas, 193, and Davis v. Burnett, 77 Texas, 3, cited by appellee, do not sustain the contention that, because the timber is growing upon exempt land, it is therefore exempt notwithstanding it may have been sold by the owner of the land in whose favor the exemption is given. The cases cited only go to the extent of holding that the lessee of school lands can not be required to pay taxes upon his leasehold, because to make such leasehold taxable would decrease the rental value of the land and to that extent lessen the revenues which might be derived therefrom for public school purposes.

The Legislature of this State, as before stated, has expressly provided by an Act of the Twenty-ninth Legislature, page 72, that timber purchased from the State and growing upon the public lands of the State shall be taxed as other property. While this Act does not apply to lands owned by the counties, the question of whether the Constitution prohibits such taxation is exactly the same whether the land on which the timber is growing is State or county lands, and the Act shows as well the legislative construction of the Constitution as the policy which it deems wise to pursue.

If the case could be decided upon the allegations of the petition as supplemental to the findings of fact filed by the trial judge, the judgment of the lower court should be reversed and judgment here rendered in favor of appellant. While the allegations of the petition are not directly contradictory to the fact findings of the trial court, they change the legal effect of said findings, and we are not authorized to base our judgment upon the facts alleged in the petition when to do so would require a reversal of the judgment of the trial court.

The petition, we think, shows upon its face that appellee was not entitled to the relief sought by him, and was therefore subject to general demurrer. There is no assignment attacking the judgment upon this ground, but the error is fundamental and apparent of record and requires a reversal of the judgment. (Rankert v. Clow, 16 Texas, 9; Siese v. Malsch, 54 Texas, 357; Texas Brewing Co. v. Templeman, 90 Texas, 277; Harris v. Petty, 66 Texas, 514; Wilson v. Johnson, 94 Texas, 272.)

These authorities sustain the proposition that a judgment based upon pleadings which affirmatively show that the case made by the party in whose favor the judgment is rendered is not founded in jus-

tice and in law, should be reversed for fundamental error, notwithstanding the appellant in such case has failed to present an assignment pointing out the error.

For reasons indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*