CARTER v. CLARK & BOICE LUMBER CO.

(Court of Civil Appeals of Texas. Texarkana. May 30, 1912. Rehearing Denied June 27, 1912.)

1. LOGS AND LOGGING (§ 3*)—SALES OF TIMBER—CONSTRUCTION OF CONTRACT.

An instrument conveying all the timber of specified size on a certain tract of land, and providing that the timber should be removed within six years from the date of the instrument, did not create an interest in the land, and the timber was forfeited by failure to remove it within the time provided, though the habendum and warranty clauses covered the "premises."

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 6–12; Dec. Dig. § 3.*]

2. SALES (§ 149*)—BILL OF SALE—HABENDUM AND WARRANTY CLAUSES—EFFECT.

The estate conveyed by a bill of sale is not enlarged by an inconsistent or repugnant habendum or warranty clause.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 349; Dec. Dig. § 149.*]

Appeal from District Court, Cass County; P. A. Turner, Judge.

Action by L. Y. B. Carter against the Clark & Boice Lumber Company. From the judgment, plaintiff appeals. Reformed and affirmed.

Appellant sued for the value of certain timber cut and removed from his land by the appellee company in the months of October and November, 1909, and for $100 damages to his growing crop and premises, occurring through and by the cutting and removal of the timber. The appellee answered by denial, and that it was the owner of the timber by written conveyance. The trial was to the court without a jury, and judgment entered for appellant for $100 as damages to the crop and premises. The appellant appeals to have revised the ruling of the court in denying him any recovery for the value of the timber cut and removed.

It was proven that the damages to the crop and the premises were $100, and that $300 worth of saw timber was cut and removed from the premises by appellee, over appellant's protest, in the months of October and November, 1909. It is not claimed that any other timber was cut and removed, except pine saw timber above 10 inches in diameter at the stump, as provided in the conveyance. The appellant was the owner in fee simple and in possession of 60 acres of land, and on the 11th day of April, 1903, executed and delivered to the appellee the following instrument, in writing: "State of Texas, County of Cass. Know all men by these presents, that I, L. Y. B. Carter, of the county of Cass in the state aforesaid, for and in consideration of one hundred sixty ($160.00) and no/100 dollars to me paid and secured to be paid by the Clark & Boice Lumber Company of Dallas, Dallas county, Texas, as follows: Cash, the receipt of which is hereby acknowledged, have grant-

ed, sold, and conveyed and by these presents do grant, sell, and convey unto the said Clark & Boice Lumber Company of the county of Dallas, state of Texas, all that certain tract or parcel of pine timber from 10 in. diameter at stump up for saw timber on the following described land: [Here follows a full description of the sixty acres of land from which said timber was cut and removed]. Said timber to be removed within the period of six years from the date of this deed. To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said Clark & Boice Lumber Company, their heirs and assigns forever. And I do hereby bind myself, my heirs, executors, and administrators to warrant and forever defend all and singular the said premises unto the said Clark & Boice Lumber Company, their heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof."

The court concluded, as matter of law, "that the timber deed from the plaintiff to the defendant passed title to said timber as an interest in the land, and was the property of the defendant, and was not forfeited by a failure to take it off in the time provided for in the deed, and that the plaintiff is not entitled to recover for the value of the timber cut and removed and appropriated to its own use by the defendant. I render judgment for one hundred dollars for the damage to the crops and land against the defendant."

O'Neal & Allday, of Atlanta, for appellant. L. S. Schluter, of Jefferson, for appellee.

LEVY, J. (after stating the facts as above). [1, 2] Appellee admits cutting and removing the timber, of the value of $300, from the premises, and over appellant's protest, after the expiration of six years from the conveyance of April 11, 1903. He claims the absolute title under the conveyance mentioned in all of the timber of the dimension set forth in the instrument, and that the timber cut and removed was only such, which is admitted, as is described in the instrument. As stated in the court's conclusion of law, he construed the conveyance in suit as intending to pass the title to the Lumber Company to the timber as an interest in the land, with the legal effect to grant to the purchaser the right to cut and remove the timber at any time. It is this ruling that appellant challenges by his assignment. If the instrument should properly be construed as intending to convey the timber in fee simple as an interest in the land on which it stood, then, under the authority of Lodwick Lumber Co. v. Taylor, 100 Tex. 270, 98 S. W. 238, 123 Am.

St. Rep. 803, the appellee would not be liable for the timber as here shown to be cut and removed. If, however, the instrument should properly be construed as expressing the intention of the parties to convey the timber as personalty, and not as an interest in the land on which it stood, then the appellee would be liable for the value of all timber appropriated by him after the expiration of the time fixed by his contract of sale. Beauchamp v. Williams, 115 S. W. 130; Development Co. v. Lumber Co., 139 S. W. 1015. The rule of law applied in these cases is sustained, we think, by the weight of authority. The form of the conveyance in the instant case is unlike the form of the conveyance passed on in the Taylor Case, supra, and in consequence the nature and duration of the right granted are essentially different. In the Taylor Case, supra, the language of the deed bargained, sold, and conveyed all the timber on the 96 acres of land in fee simple and forever. It contained no stipulation for removal of the timber from the land, and no words of restriction or reservation as to timber not removed. The language of the deed was there construed as intending to pass an unconditional and absolute title in fee simple to the timber as it stood on the soil. The legal effect of such character of grant of an interest in trees was, as ascribed thereto by the court, to pass a title to the trees as an interest in the realty, for the reason that growing trees are legally regarded as a part and parcel of the soil because attached to the soil, and the parties bought and sold the same to continue and remain a part of the soil.

The language of the instrument in the instant case bargains, sells, and conveys only a particular kind of timber and of prescribed size, expressly providing for its removal from the land within the fixed time of six years from the date of the instrument. This clause, stipulating that the standing timber be removed within the time fixed, decisively shows the intention of the parties to place a limitation upon the extent and duration of the grant, and to determine the right at the end of the period agreed upon. As the right was intended to expire at the end of the fixed time, then there appears a reservation in the deed to the seller of all the timber not removed within the time agreed upon. Having agreed to a limitation upon the right of removal, then the right of the purchaser to the timber is acquired by the act of removal and appropriation; and, as appropriation of the timber as such is dependent upon the removal from the soil, the intention of the parties would appear to be a contract of sale of such timber only as is removed within the time limited. Such being the character of the contract and the expressed intention of the parties, the habendum and warranty clauses are consistent with and not inconsistent or repugnant to such intention. The office of the habendum is to explain the premises of the conveyance, and not to contradict what is clearly expressed therein; and covenants of warranty cannot enlarge or add to an estate conveyed. The conveyance clearly expressing the intention of the parties to deal with the timber as personalty, and not realty, and, having provided a fixed time for expiration of the right granted, the principle of law announced and discussed in the case of Beauchamp, supra, which is sustained by weight of authority, would apply and govern. As trees, like minerals, are removable from the soil, and when removed become chattels, parties may contract a sale of them when removed as chattels. The assignment is sustained; and, as the facts are undisputed, the judgment is so reformed as to further allow a recovery to appellant in the sum of $300 for the timber cut and appropriated after the expiration of the contract of sale, with costs of appeal taxed against appellees; and the judgment, as so reformed, is affirmed.