NORTH TEXAS LUMBER CO. v. McWHORTER.

(Court of Civil Appeals of Texas. Texarkana. April 10, 1913. Rehearing Denied April 17, 1913.)

LOGS AND LOGGING (§ 3*)—CONVEYANCE OF STANDING TIMBER—TIME FOR REMOVAL—CONSTRUCTION OF DEED.

A deed conveying all the mechantable pine timber, 12 inches at the stump, with warranty of title and right to enter, cut, and remove the timber, but providing that the right to remove shall be limited to two years from date, with the further agreement to extend the time to not exceeding five years, cannot be construed as conveying an interest in the land, giving the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

right to remove timber after five years, but the title to timber not removed remains in the grantor.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 6–12; Dec. Dig. § 3;* Sales, Cent. Dig. § 591.]

Appeal from District Court, Cass County; P. A. Turner, Judge.

Trespass to try title by the North Texas Lumber Company against Mrs. N. H. Mc-Whorter. From a judgment for plaintiff, defendant appeals. Affirmed.

The suit was brought by appellee in the form of trespass to try title and for the value of certain timber cut and removed from the land, and an injunction was asked for and granted restraining the appellant from further going upon and trespassing on the premises. The appellant, besides a plea of general denial and not guilty, set up ownership of the timber on the land by deed from appellee; and averred that if by reason of the recitals in the deed it did not have the right at the present time to enter upon the premises, except upon payment of an additional and reasonable compensation for such right of entry, then it was ready to pay such compensation which the court, after hearing evidence on the subject, might determine, or, in the alternative, asked that the interest of the parties be partitioned and sold, and the proceeds of the sale be awarded to the parties as their interests might appear. The case was tried on an agreed statement of facts, and the court rendered judgment for the appellee. It was agreed that on July 23, 1902, the appellee was the owner of the land and executed and delivered to the Clark-Boice Lumber Company the following timber deed: "The State of Texas, County of Cass. Know all men by these presents: That I, Mrs. N. H. McWhorter, of said county, and state, for and in consideration of the sum of $1,353.00 thirteen hundred and fifty-three and No/100 dollars, to me in hand paid by the Clark & Boice Lumber Company, of Dallas county, Texas, the receipt of which is hereby acknowledged, have bargained, sold and conveyed, and do by these presents bargain, sell and convey to the said Clark & Boice Lumber Company all the merchantable pine saw timber measuring 12 inches and above at the stump, standing, being, and growing upon the following described lands situated in Cass county, Texas, to wit: [Here follows description of three tracts of land making a total of 451 acres.] To have and to hold the above-described timber unto the said Clark & Boice Lumber Company, or their assigns forever, herein warranting and defending the title to the same together with the right to enter in and upon the above-described land, and to cut, fell and remove therefrom all the merchantable pine saw timber contained thereon from 12 inches at the stump and above standing, being and growing upon said described land, with the right of ingress and egress to, from and over said land for the purpose of cutting and removing said timber from said land. But the right to enter upon said land and to cut and remove said timber is limited to two years from date hereof, but I further agree that in the event said timber is not removed within two years to extend the time to not exceeding five years from date hereof, provided the said Clark & Boice Lumber Company will pay thirty (30) cents per acre per annum in advance on each tract of timber cut within two years, but in no event will the time to remove said timber be extended beyond five years from this date." The deed was duly acknowledged and recorded. The 160 acres of the Wilson survey described in the deed is the only tract in controversy. Appellant by proper conveyance owns all the interest acquired through the deed by the Clark & Boice Lumber Company. Appellant during the year 1912 cut and removed from the land 30,000 feet of pine timber of the value of $45, the timber cut being over 12 inches in diameter at the stump.

Glass, Estes, King & Burford, of Texarkana, for appellant. Bartlett & Zadik, of Linden, and O'Neal & Allday, of Atlanta, for appellee.

LEVY, J. (after stating the facts as above). The two assignments present the one question of the right of appellant, under the timber deed in suit, to enter upon the land and cut and remove the timber therefrom after the lapse of five years from the date of the deed, without any contract or agreement of extension of time. Each party to the suit stands on the terms of the deed. A construction of the deed is involved. If the conveyance, from all the language of the instrument, manifests an intention, and has the legal effect, to convey absolutely, as an interest in the land, the timber of the dimensions specified, then it must be said the case of Lodwick Lumber Co. v. Taylor, 100 Tex. 270, 98 S. W. 238, 123 Am. St. Rep. 803, would be applicable, and appellant should have judgment entered for it. But we do not think the conveyance here could properly be said to intend and have the legal effect to convey absolutely, as an interest in the land, the timber of the dimensions specified. The conveyance, taking it as a whole and ascertaining what the parties really intended, manifests, we think, an intention to sell and purchase all the timber of the dimensions specified as the purchaser might cut and remove from the premises within the time limit specified, and no more. The parties were dealing with the timber as personalty removable within a limited time. And thus the legal effect of

the deed is to retain in the vendor the title to the timber on the land not cut and removed therefrom by the purchaser at the expiration of the contractual period of time. In this view the rule would be applicable as laid down in the following cases: Carter v. Clark & Boice Lumber Co., 149 S. W. 278; Development Co. v. Lumber Co., 139 S. W. 1015; Beauchamp v. Williams, 115 S. W. 130; Lancaster v. Roth, 155 S. W. 597 (recently decided by this court).

The many cases cited by appellee in her brief uphold such construction of this kind of deed, namely, that the purchaser acquires title to such timber only as is severed from the soil at the expiration of the time limit of the contractual period. This ruling is decisive of the appeal, and the judgment is affirmed.