CHAVERS et al. v. HENDERSON.
(No. 1339.)

(Court of Civil Appeals of Texas. Texarkana. Oct. 15, 1914.)

Logs and Logging (§ 3*)—Conveyance of Standing Timber—Forfeiture.

An instrument conveying standing timber on described land, giving the purchaser five years within which to cut and remove the timber, and providing for the extension of the time on the purchaser's first removing timber from the part of the land the vendor wishes to use for farming, does not create an interest in land, and the timber not removed within the time is forfeited, where, before the expiration of the time, the vendor gave notice where to cut, and the purchaser failed to cut the timber.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 6–12; Dec. Dig. § 3.*]

Appeal from District Court, Marion County; H. F. O'Neal, Judge.

Action by Henry Chavers and another against Clark Henderson. From a judgment for defendant, plaintiffs appeal. Reversed and rendered.

April 6, 1908, appellant Chavers, who owned a tract of 160 acres of land in Marion county, sold the pine and gum timber measuring more than 12 inches at the stump on 135 acres thereof to one John Spearman. The contract of sale was in writing, but it was not copied into the record on this appeal. However, from findings made by the court below it appears that Spearman undertook to remove the timber from the land within five years from the date of the contract, but that it was understood and agreed between him and Chavers that the time for the removal of the timber should be extended if he (Spearman) should first cut off the timber on the part of the land "Chavers wanted to clear up and put into a state of cultivation." It seems that Spearman was unable to pay for the timber as he had agreed to, and induced one Rhyne to advance for him to Chavers the purchase price of the land. To secure Rhyne in the sum so advanced, by

agreement of the parties Chavers conveyed the timber to Rhyne by a deed dated June 15, 1911, as follows:

"Know all men by these presents that Henry Chavers, of the county of Marion, state of Texas, for and in consideration of the sum of $375 to me in hand paid by A. M. Rhyne, have granted, sold, and conveyed, and by these presents do grant, sell, and convey, unto the said A. M. Rhyne, of the county of Cass, state of Texas, all that certain tract or parcel of pine and gum timber situated," etc. "The said timber is to be cut down to 12 inches in diameter at the stump, and said A. M. Rhyne is to have five years time from date April 6, 1908, to remove same, also roads and right of way for moving same; time to be extended if he removes timber from where I want to clear for farming purposes. To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereto in any wise belonging to the said A. M. Rhyne, his heirs and assigns forever. And I do hereby bind myself, heirs, executors, and administrators to warrant and forever defend all and singular the said premises unto the said A. M. Rhyne, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof. Witness my hand," etc.

Spearman having paid to Rhyne the money advanced for him as stated, the latter, on December 21, 1912, conveyed the timber to the former, who conveyed same to appellee, Henderson. In the conveyance from Rhyne to Spearman it was stipulated that the timber "must be cut and removed within the time designated in deed from Henry Chavers, and this conveyance is made subject to all the terms of the Chavers deed"; and in the conveyance from Spearman to appellee was a like stipulation. Appellee, after the expiration of five years from April 6, 1908, but at a date not otherwise specified in the record, cut and removed from the land 120,000 feet of timber of the value of $2 per 1,000 feet. The suit resulting in the judgment from which this appeal was prosecuted was brought by Chavers and appellant James Jordan to restrain appellee from cutting and removing any more of the timber and to recover the value of the 120,000 feet cut and removed as above stated. The trial court was of the opinion that the effect of Chavers' deed to Rhyne was to pass to the latter the absolute title to the timber, and concluded that appellants therefore were not entitled to the relief they sought. He accordingly rendered judgment dissolving an injunction he had granted to appellants and awarding the timber and costs to appellee, Henderson.

R. R. Taylor and Schluter & Singleton, all of Jefferson, for appellants. T. D. Rowell and W. L. Grogan, both of Jefferson, for appellee.

WILLSON, C. J. (after stating the facts as above). This case is distinguishable from Carter v. Clark & Boice Lumber Co., 149 S. W. 278, only in the fact that in this one it was agreed that the time for removing the

timber specified in the deed might be extended if the purchaser should first remove the timber from the part of the land Chavers wished to use for farming purposes. With reference to this phase of the case, the trial court found that Chavers did not notify Rhyne, but, "before the expiration of the time limit for cutting the timber, did notify Spearman where to cut the timber on the land he wanted to put into cultivation, and requested him to do so, and that said Spearman failed to cut said timber." We do not think the difference noted furnishes a reason why the ruling made in the Carter Case should not be held to control this one. Therefore the judgment of the court below will be reversed, and judgment will be here rendered perpetuating the temporary injunction granted by the court below, whereby appellee was restrained from cutting and removing any of the timber from the land, and awarding to appellants a recovery against appellee of the sum of $240, the value of the timber cut and removed after April 6, 1913, together with interest thereon from December 3, 1913, and the costs incurred in this court and the court below.