DUNSMORE v. BLOUNT-DECKER LUMBER CO. (No. 1779.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 22, 1917.)

1. LOGS AND LOGGING ☞3(7) — SALE OF TIMBER—TIME FOR REMOVAL.

If a deed conveyed timber in fee as an interest in the land, the assignee of the grantee therein could enjoin the owner of the land from cutting the timber; but, if it granted the timber as personalty, the purchaser had no such right, where the agreed time for cutting and removal had expired.

2. LOGS AND LOGGING ☞3(7) — TIMBER SALES—CONSTRUCTION OF CONTRACT.

A deed conveying all merchantable timber on a certain tract, providing that the grantees should have 10 years to cut and remove it, and permitting the grantees to enter the land for the purpose of cutting and removing the timber, followed by habendum and a warranty clause, conveys the timber as personalty.

3. INJUNCTION ☞136(1)—RIGHT TO WRIT—DESTRUCTION OF PROPERTY.

In determining the allowance of a temporary injunction, the rule is that it will be allowed, if there is a case of probable right and probable danger to the right without the injunction.

Appeal from District Court, Cherokee County; L. D. Guinn, Judge.

Suit by the Blount-Decker Lumber Company against A. C. Dunsmore. From an order granting a temporary injunction, defendant appeals. Reversed and set aside.

The appeal is to review an order made by the district judge granting a temporary injunction. The petition of appellee, on which the order was granted, alleges that J. A. Smith and wife executed a deed to Summers and Musick on October 25, 1907. The deed conveys:

"All that certain merchantable timber on the following described tract of land: [Here follows description. The deed then continues:] It is fully understood and agreed that the said Summers and Musick shall have the period of ten years from the first day of January, 1907, in which to cut and remove said timber from off said above-described land. And it is also agreed and understood that said Summers and Musick shall have the right to enter said tract of land with railroad tramroad, log wagons, and others at any point or points which may be most convenient for the purpose of cutting and removing said timber."

This is followed by a habendum and a warranty clause. The petition then alleges: "That subsequent to said date said Summers

and Musick conveyed said pine timber to the plaintiff, and that A. C. Dunsmore is the assignee of J. A. Smith and wife and owns the land above described, but with notice of plaintiff's rights. That by the terms and legal effect of said deed plaintiff became the absolute owner in fee simple of the pine timber situated on said land, and now is and has continued ever since to be the owner of said pine timber, and that the timber situated on said land is now reasonably worth the sum of seven hundred dollars. That the defendant is now in possession of said land, but that plaintiff is the owner of all of the pine timber situated thereon. That a large portion of said premises, to wit, about 100 acres, consists of standing pine timber of great value, to wit, the value of seven hundred dollars. That the defendant is threatening to cut said timber and to dispose of same, and unless restrained by your gracious writ will cut the same down. That the defendant is setting up some claim to said timber, notwithstanding their conveyance to same, and that plaintiff is the absolute owner of said timber."

The prayer is for a restraining order to prevent the defendant from cutting or disposing of the timber on the said tract and that plaintiff have judgment for the title and possession of the pine timber situated on the land, and that the injunction be made perpetual. The petition was filed January 8, 1917, and the judge's order was made on same date.

Perkins & Perkins, of Rusk, for appellant. Norman, Shook & Gibson, of Rusk, for appellee.

LEVY, J. (after stating the facts as above). [1-3] The appellee's right to the timber depends upon the terms and legal effect of the deed set up in the petition. If the instrument should properly be construed as intending to convey the timber in fee simple as an interest in the land on which it stood, then, under the authority of Lodwick Lumber Co. v. Taylor, 100 Tex. 270, 98 S. W. 238, 123 Am. St. Rep. 803, the appellee would be entitled to have the restraining order granted by the judge; but if the instrument should properly be construed as expressing the intention of the parties to convey the timber as personalty, and not as in the nature of an interest in the land on which it stood, then the restraining order is not allowable and should be denied. For, as disclosed by the record, the agreed limitation upon the right of the purchaser had expired at the time of the injunction, and as a legal consequence the appellant, as owner of the land and timber, would have the legal right to cut the timber as against appellee. The deed in suit, as we conclude, clearly expresses the intention of the parties thereto to deal with the timber as personalty, and not in the nature of realty, and provides a fixed time for the expiration of the right granted. As we have heretofore thoroughly considered and announced the principle of law in respect to the very question here involved, and on similar conveyances, we believe that the ruling in those cases should

───────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

be adhered to and followed. Beauchamp v. Williams, 115 S. W. 130; Carter v. Clark & Boice Lumber Co., 149 S. W. 278; Lancaster v. Roth, 155 S. W. 597; Lumber Co. v. McWhorter, 156 S. W. 1152. The rule to be followed in determining the allowance of a temporary injunction is that of whether there is a case of probable right and probable danger to the right, as alleged, without the injunction. Whitaker v. Hill, 179 S. W. 539; Miles v. Bodenheim, 184 S. W. 633. And we conclude, as a matter of law, in the construction of the deed, a probable right is not apparent to the appellee.

The temporary restraining order of the judge is reversed and set aside.