DOWNEY v. DOWELL et al. (No. 2003.)

(Court of Civil Appeals of Texas. Texarkana. July 10, 1918. Rehearing Denied Oct. 10, 1918.)

1. LOGS AND LOGGING ☞5 — CONSTRUCTIVE SEVERANCE OF TIMBER.

Though standing timber is generally regarded as part of the realty, the owner by contract can constructively cause a severance, and for purposes of mortgage or sale convert it into personalty.

2. HOMESTEAD ☞117 — SALE OF STANDING TIMBER BY HUSBAND ALONE.

Sale of standing timber on homestead lands of husband and wife, made by husband alone, wife not joining in conveyance, passed title as against subsequent buyer of timber from husband's grantee of lands; use of lands as homestead not having been interfered with or value impaired by sale of timber.

Error from District Court, Marion County; J. A. Ward, Judge.

Suit by Jeff Dowell against D. W. Downey and another. To review judgment for plaintiff, defendant named brings error. Affirmed.

Armistead & Benefield, of Jefferson, for plaintiff in error.

T. D. Rowell, of Jefferson, for defendants in error.

HODGES, J. Defendant in error Jeff Dowell sued the plaintiff in error in the court below, and recovered a judgment against him for $120 as damages for the value of timber converted. The facts found by the court are, in substance, as follows: The tract of land on which the timber in controversy stood was formerly owned by Jabe Dickson, who sold it to his son, John Dickson. During the time the latter owned the land he sold the timber to Dowell, the defendant in error, and conveyed it by an ordinary bill of sale. At the time the sale was made the land was occupied by Dickson and his family as a homestead, and his wife did not join in the conveyance. After selling the timber, Dickson conveyed the land to his father, Jabe Dickson, without any reservation of the timber rights. Some time thereafter Jabe Dickson sold the timber to the plaintiff in error, Downey, who cut and removed that for which this suit was instituted. In the conveyance from John Dickson to the defendant in error, the latter was given five years in which to remove the timber, and his purchase was limited to that portion which was above eight inches in diameter. The court found, also, that both Jabe Dickson and the plaintiff in error, Downey, at the time of their respective purchases, knew of the previous sale made by John Dickson to the defendant in error.

[1, 2] It is here insisted that the bill of sale from John Dickson to the defendant in error was void, because the land on which the trees were then standing was the homestead of Dickson, and his wife did not join in the conveyance. While it is true that standing timber is generally regarded as part of the realty, yet the owner may by contract constructively cause a severance, and for the purpose of a mortgage or sale convert it into personalty. Boykin v. Rosenfield, 69 Tex. 118, 9 S. W. 318; Montgomery v. Peach River Lumber Co., 54 Tex. Civ. App. 143,

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

117 S. W. 1061; 3 Washburn on Real Property, p. 301. It has also been held that the husband alone may convey an easement in the homestead, provided it does not materially interfere with the use and enjoyment of the homestead. Randall v. T. C. Railroad Co., 63 Tex. 586; C. T. & M. C. Ry. Co. v. Titteringron, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39; Purdie v. Railway Co., 144 S. W. 364. There is nothing in the evidence in this case that requires the finding that the use of the land as a homestead was interfered with or its value impaired by the sale of the timber to the defendant in error.

The judgment is affirmed.

---

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes