## SUTTON v. WRIGHT & SANDERS.
### (No. 7493.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 23, 1926. Rehearing Denied Feb. 17, 1926.)

**1. Frauds, statute of ☞72(1).**

Sale of gravel to be removed from soil is sale of chattel and not "land," within Rev. St. 1911, art. 3965.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Land.]

**2. Frauds, statute of ☞159—Whether contract to remove gravel lying in soil could be performed within year held question of fact (Rev. St. 1911, art. 3965).**

Whether contract for sale of · definite amount of gravel lying in soil, to be ·removed within five years, which did not on its face show that it was not to be performed within one year, could be performed within year, so as to take it from operation of Rev. St. 1911, art. 3965, *held* question of fact for jury.

**3. Contracts ☞153.**

Where contract may be given two constructions, one of which only will render it legal, that one will be adopted.

**4. Frauds, statute of ☞60(1)—Licenses ☞43—Right of entry to remove gravel is a license and not an easement, conveying interest in land within statute (Rev. St. 1911, art. 3965).**

Right to enter land to dig for and remove gravel under contract for present sale *held* to be grant of a license, and not an easement, so as to convey interest in land within Rev. St. 1911, art. 3965.

Appeal from District Court, Bexar County; Robert W. B. Terrell, Judge.

Suit by Charles E. Sutton against Wright & Sanders. Judgment for defendants, and plaintiff appeals. Reversed and remanded for another trial.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellant.

E. H. Powell, Ball & Seeligson, and C. W. Trueheart, all of San Antonio, for appellees.

COBBS, J. This suit was brought by appellant, Charles E. Sutton, against the appellees, Wright & Sanders, in the district court of Bexar county, Tex., Seventy-Third judicial district, for $7,500 damages · alleged to have been sustained by reason of the breach of a contract. The plaintiff alleged that on or about the 17th of November, 1919, the defendants entered into an agreement with plaintiff whereby they agreed and bound themselves to purchase from him 100,000 cubic yards of gravel for the sum of 12½ cents per cubic yard, and he agreed to sell the gravel to them at that price; said gravel to be dug, excavated, and removed by the defendants from a tract of land belonging to plaintiff situated about 7 miles north of the city of San Antonio, and that by the terms of said contract plaintiff licensed the defendants to go upon said premises for the purpose of excavating said gravel and making the necessary openings, drains, ditches, etc., to remove the same; that the defendants agreed to begin excavating said gravel not later than December 1, 1919, and to excavate and remove not less than 1,000 cubic yards every month thereafter, and pay plaintiff therefor 7½ cents per cubic yard for all gravel so. excavated and removed, and a minimum payment, in any event, of $125 per month; that said defendants agreed that all said gravel so contracted for should be removed within five years from the date of the agreement, but that they had the right to remove it all within less than one year, and could have

done so; that it was further agreed that, when they had excavated and removed said gravel, they would remove from said premises all tools, machinery, and other structures erected by them.

Plaintiff further alleged that the defendants wholly failed to comply with the said contract; that the market value of gravel at that time was 5 cents per cubic yard; and plaintiff has been damaged in the sum of 7½ cents per. cubic yard on 100,000 cubic yards, or $7,500, for which he sued.

The defendants answered by a general denial, and specially denied that the minds of the parties met with reference to said contract, and alleged that plaintiff did not have the amount of gravel sought to be purchased from him on said land. They further alleged that said alleged contract was wholly parol and unwritten, and no memorandum thereof was made in writing; that it did not admit of performance in one year; and was for the sale of real estate or an easement therein, and specially pleaded the statute of frauds.

The case was tried before a jury, and at the conclusion of the testimony the court instructed the jury to return a verdict for the defendants, and verdict was returned, under the instructions of the court, for the defendants, and judgment rendered for defendants on May 25, 1925, in accordance therewith.

Defendants' answer made three further issues, namely: First, mistake or fraud of the parties as to the existence of the subject-matter of the contract; second, invalidity of the parol contract as not admitting of performance in one year; third, invalidity of the parol contract as relating to the sale of real estate or easement therein.

If any one of defendants' six issues, arising three of them upon plaintiff's petition and three of them upon the defendants' answer, is determinable under the evidence as a matter of law in favor of the defendants, the instructed verdict is plainly justified.

The trial judge instructed a verdict for the defendant on the ground that the verbal contract proven was within the statute of frauds, as it amounted to a sale of real estate or an interest therein, and on the correctness of this ruling turns this appeal, as the appellant contends that it was not a contract for the sale of real estate or any interest therein, but for the sale of personal property, and was not within the statute of frauds. The foregoing clearly points out the separate contentions of the parties, which we set out as the basis of our opinion.

[1-3] If the contract is invalid, that ends the litigation, but, if not, there was sufficient evidence to carry the case to the jury. The contract was oral, and there was no writing connected with it. It was for the sale of gravel standing in or upon the soil. And appellant was granted the privilege to enter upon the soil to gather and remove the said gravel, which right of removal, together with the license to enter, was effective for a period of five years, though it was shown that the gravel could be moved therefrom and the contract performed within one year.

Appellee contends that the contract was void absolutely, it being an oral contract for the sale of land, and in conflict with the statute of frauds (article 3965, R. S.), which article, among other things, provides:

"No action shall be brought in any of the courts in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized. * * * 4. Upon any contract for the sale of real estate or the lease thereof for a longer term than one year."

No subject has been so much discussed or written about, construed, and applied as the statute of frauds both in England and in America. It would seem, such being the case. that a statute so very plain would need no further construction, but the trouble here is to determine whether the gravel lying in the soil is real estate or personal chattel, and the contract one in respect to the sale of real estate or personal property. Of course, it was real estate when the sale was made, but, after the gravel was taken out and removed, it would. not be. The contract of sale of gravel and the right or license to enter upon the land and dig it up was an oral sale of ground, and the right of removal was a mere license necessarily incident to the oral sale, showing its status. Growing trees unsevered from the soil have so many times been held to be real estate until severed that to discuss that question would only be useless, and serve no purpose but to incumber the law books. Minerals in the soil, oil, or gas unsevered stand upon the same footing as real estate; so does gravel in the soil. The sale of all these commodities, when severed, have become to be very much regarded as merchantable chattels. But that is so only when they are severed from the soil, and until they are so severed, are real estate in fact.

In this case it will be noted by the oral contract there was no intention, express or implied, to sell land per se, but the sale of gravel thereon only. There was no intention to pass ownership or title to the land, and only a permission was given to enter thereupon in order to excavate and remove 100,000 cubic yards of gravel therefrom. Of course, a contract for any interest in land is widely different from a contract to remove a commodity therefrom, because a sale of the land, as such, would carry the gravel with it, but the sale of the gravel, as such, would not include or pass title to the land in which it

was situated, or any part thereof. Anderson v. Powers, 59 Tex. 214.

It is urged that the gravel could be moved in one year, and a proper construction of the contract so indicates. If such was the effect to be given to the contract or intention of the parties, and was so found by the jury, it would not be in violation of the statute of frauds. It may be that the issue as to the time of performance should go to the jury. If the contract was to be performed within one year, that would not take beyond the time provided for in the statute of frauds, and the contract would be in harmony therewith. Does the option to perform the contract to remove the gravel all in five years bring it within the statute, and thus subject it to be denounced by the statute?

The evidence showed no limit was fixed as to the time within which all the gravel should be removed. It did provide that some should be removed each month, and it was agreed that not less than 1,000 cubic yards should be taken out per month, and the "pay to be not less than $125 a month as a minimum."

The contract on its face does not show that it was not to be performed within one year, but was ambiguous in that particular. It was a question of fact whether it was to be and could be performed within one year, which, if so, would not on its face render it void per se. If two constructions to a contract can be given, one legal and the other illegal, the court will give that construction to the contract that will make it legal. It was ambiguous in the particulars referred to, and was not determinable on its face as a question of law. It is true that the testimony showed a verbal contract for the sale of an interest in land, but a severance of the commodity within a year would not render it obnoxious to the statute of frauds. Clearly it was a contract for the sale of gravel, a merchantable commodity, such as trees or other products of the land, and is real estate only by an arbitrary construction of a rule of law. The title to the land itself did not pass, and the land, as such, still remained in its locus, and title to the land upon which the gravel lay was not affected. We hardly think that five years, given as the ultimate date for removal, will have much effect in the determination of the question as to performance. As stated, we think gravel on the natural soil stands with the same relation to it as the growing trees.

The rule is thus stated in 28 American and English Encyclopedia of Law (2d Ed.), p. 541:

"The essential difference, however, between land and trees growing out of the land, and the fact that the latter have in commercial transactions come to be regarded rather as personalty, have led the courts in many modern cases to draw a distinction; and it is now very generally recognized that a contract for the sale of trees, if the vendee is to have the right to the soil for a time for the purpose of further growth and profit, is a contract for an interest in land, but that where the trees are sold in the prospect of separation from the soil immediately or within a reasonable time, without any stipulation for the beneficial use of the soil, but with license to enter and take them away, it is regarded as a sale of goods only, and not within the fourth section of the statute.

"Contracts for the sale of standing trees to be removed within a specified time have generally been construed by the courts as sales of only so many trees as the vendee might cut and remove within the time designated, the balance remaining the property of the vendor. Such a sale may, however, be regarded as absolute, and the agreement to remove as a covenant, in which case the timber remains the property of the purchaser, although not removed within the time provided for, and for the failure to remove the vendor may bring an action for breach of covenant. A wrongful taking of the timber by the vendor would in such a case constitute a conversion for which the purchaser would have a right of action." Leonard v. Medford, 37 A. 365, 85 Md. 666, 37 L. R. A. 449.

The sale of growing trees contemplated to be cut down and severed within a reasonable time is a chattel, and does not convey an interest in the land. Ryan Lumber Co. v. Ball (Tex. Civ. App.) 177 S. W. 232; Davis v. Conn (Tex. Civ. App.) 161 S. W. 41. In the latter case Judge Levy, writing the opinion for the court, says:

"The two doctrines are announced that in a sale of trees growing upon land where in the particular case (1) it is contemplated by the conveyance that the vendee is to have some beneficial use of the land in connection with the trees and that the trees shall remain thereon so as to receive profit and growth from the growing surface of the land, the sale operates as a sale of an interest in land; and (2) where it is contemplated and intended by the conveyance that there shall be a severance and taking away of the growing trees from the land, such sale must be regarded and operates to be a sale as of chattels only. It is quite well settled by the cases that growing trees may by the agreement of the parties be severed, in contemplation of law, from the land, and be dealt with in the contract as personalty removable immediately or timely without an actual severance at the time. In this state the two rules above stated have been announced and followed. The first rule is applied in the case of Lodwick Lbr. Co. v. Taylor, 100 Tex. 270, 98 S. W. 238, 123 Am. St. Rep. 803. The second rule is applied in the cases of Beauchamp v. Williams [Tex. Civ. App.] 115 S. W. 130," etc. "From the Taylor Case, supra, firstly referred to flows the rule that, an interest in the nature of realty being conveyed, there goes with the title to the timber the right to the use of the soil for its sustenance and of entry upon the land for its enjoyment. And from the cases immediately above, secondly mentioned, flows the rule that the trees being conveyed in the nature of personalty in prospect of severance and removal within a reasonable time or agreed time, the ex-

tent and duration of the grant is limited to and the right determined at the end of the agreed time." Lodwick Lumber Co. v. Taylor, 98 S. W. 238, 100 Tex. 270, 123 Am. St. Rep. 803; Houston Oil Co. v. Hamilton, 206 S. W. 817, 109 Tex. 270; Chapman v. Dearman, 229 S. W. 1112, 111 Tex. 132; Burkitt v. Wynne (Tex. Civ. App.) 132 S. W. 816; Beauchamp v. Williams (Tex. Civ. App.) 115 S. W. 130; Dunsmore v. Blount-Decker Lumber Co. (Tex. Civ. App.) 198 S. W. 603; Carter v. Clark & Boice Lumber Co. (Tex. Civ. App.) 149 S. W. 278; Montgomery County Devel. Co. v. Miller-Vidor Lumber Co. (Tex. Civ. App.) 139 S. W. 1015.

The same rule applies as to sale of growing crops. Kreisle v. Wilson (Tex. Civ. App.) 148 S. W. 1132; Crosby v. De Bord (Tex. Civ. App.) 155 S. W. 647; Lombardi v. Shero, 37 S. W. 613, 971, 14 Tex. Civ. App. 594; Groce v. West Lumber Co. (Tex. Civ. App.) 165 S. W. 519.

The evidence in this case clearly raised the issue that the gravel could have been removed within one year, and that involved the question as to whether the contract was in violation of the statute of frauds as hereinbefore referred to in respect to the performance within one year. If the total amount of the gravel could be removed, and the contract thereby fully performed within one year, it would not violate the statute, and there was evidence on the affirmative side of the question. Ryan Lumber Co. v. Ball (Tex. Civ. App.) 177 S. W. 232; Groce v. West Lumber Co. (Tex. Civ. App.) 165 S. W. 522. It was held in the last-named case:

"There was no provision that the contract was not to be performed within a year A maximum time was fixed in which the contract should run; but no minimum time was prescribed requiring the contract to run for a space exceeding one year. To bring the contract within the statute, it must appear from the contract itself that it was not to be performed within one year." Thouvenin v. Lea, 26 Tex. 614; Railway v. Wood, 30 S. W. 859, 88 Tex. 191, 28 L. R. A. 526; Warner v. T. & P. Ry. Co., 17 S. Ct. 147, 164 U. S. 418, 41 L. Ed. 495.

The facts quoted in the West Case, supra, are very similar to the facts in this case. An analysis of the cases cited by appellee are in no wise in conflict with the doctrine contended for by appellant.

We agree with what is cited by appellee from 17 R. C. L. 1071. All the minerals there mentioned, when severed, are chattels, otherwise are real estate, and we particularly agree with the part italicized, to wit: *"But no case is found in which it is suggested that sales of said substances with a view to their immediate removal would not be within the statute."* They would not be. That is the very point here discussed. T. & P. Ry. Co. v. Durrett, 57 Tex. 48.

[4] Of course, the subject of this contract is the right to dig for and remove gravel, and is not, as such, an easement. It is true the license, if you call it so, or the grant of the right of entry for that purpose, which is a necessary part of the contract, still is easily distinguishable from an ordinary easement, as such, generally speaking, and for that reason the authorities presented and urged by appellee on that point can hardly be regarded as in point on the question, or of any controlling effect in the disposition of this case.

We think a sufficient consideration is shown for the contract between the parties and establishes a valid and enforceable obligation. It was a contract for the present sale of gravel. If it could be performed within the year, it was not in conflict with the statute of frauds. If it could not be, nor intended to be, performed within the year, it was obnoxious to the statute of frauds, and thereby condemned to its death.

The court's charge created fundamental error, as the record showed the existence of controverted material facts, and for the reasons given the judgment is hereby reversed and the cause remanded for another trial.