## CHILDRESS COUNTY v. MORTON INDEPENDENT SCHOOL DIST. et al.
### No. 4460.

Court of Civil Appeals of Texas. Amarillo.
June 8, 1936.

Mahan & Broughton, of Childress, for appellant.

G. V. Pardue and Geo. S. Berry, both of Lubbock, for appellees.

JACKSON, Justice.

This is a suit by appellee, the Morton Independent School District, to recover certain delinquent taxes alleged to be due appellee by the appellant, Childress county, on its school land situated in said Independent School District.

The appellee obtained a judgment establishing the amount of delinquent taxes claimed against the land involved for the years 1931 and 1933, together with interest, penalties, and costs accrued thereon, with a foreclosure of its alleged tax lien, and by the decree the clerk was directed to issue an order of sale, and that the land be seized and sold by the proper officer as under execution for the amount of the judgment.

The Republic of Texas, by section 5 of its Constitution, Gammel's Laws, vol. 1, p. 1078, provided: "It shall be the duty of Congress, as soon as circumstances will permit, to provide by law a general system of education."

In compliance with this provision, the Congress of the Republic, Gammel's Laws, vol. 2, p. 134, set apart public lands for the purpose of establishing a primary school or academy in each county of the Republic.

In the Constitution of 1845 of the state of Texas, Gammel's Laws, vol. 2, p. 1297, § 4, it was provided: "The several counties in this state which have not received their quantum of land for the purpose of education shall be entitled to the same quantity heretofore appropriated by the Congress of the Republic of Texas to other counties."

The lands set apart to each of the counties for school purposes were originally exempt from taxation under section 9, article 11 of the Constitution of the state; Montgomery, Tax Collector, v. Peach River Lumber Co., 54 Tex.Civ.App. 143, 117 S.W. 1061; but by the amendment designated section 6a of article 7, adopted in 1926, it is provided that: "All agricultural or grazing school land mentioned in section 6 of this article owned by any county shall be subject to taxation, except for State purposes to the same extent as lands privately owned."

It will be noted that the provisions requiring the setting apart of public lands to the counties for educational purposes do not specify the kind or character of such lands. Article 5306 of chapter 3, R.C.S., provides in substance that all lands set apart for the benefit of the public free schools shall be sold and leased under the provisions of said chapter. Article 5310 provides in part that: "The Commissioner shall from time to time, as the public interest may require, classify or reclassify, value or revalue, any of the lands included in this chapter, designating the same as agricultural, grazing, or timber, or a combination of said classifications."

Article 5321, after stating how timbered lands shall be sold, says: "By timbered lands is meant lands valued chiefly for the timber thereon."

These articles are a re-enactment of the substance of the prior statutory provisions requiring the Commissioner of the General Land Office to classify the public lands of the state.

■ Under section 6a, supra, of the Constitution, school lands belonging to any county are not taxable unless such lands are agricultural or grazing lands. Manifestly, therefore, if a county's school lands were classified as timbered lands, they would not be subject to taxation.

■ The appellee failed to show, by pleading, proof, or otherwise, that the school lands of Childress county, situated in the Morton Independent School District, were either grazing or agricultural lands. This, in our opinion, was essential to a recovery, and constituted fundamental error.

■ The judgment, which decreed that a tax lien shall exist and remain in full force for any other or future taxes, penalties, interest, costs, and court costs, that have heretofore, or may hereafter be, legally assessed by the school district on the land, or any parcel thereof, for any one or more years not embraced in this suit, is obviously void.

For the essential allegations in a petition in a tax suit to foreclose a lien, we call attention to paragraph 177, page 243, volume 40, Texas Jurisprudence.

The assignments not discussed, and not settled by the opinion of the Supreme Court in the case of Childress County v. State of Texas, 92 S.W.(2d) 1011, are overruled.

The judgment is reversed, and the cause remanded.