

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Wm. J. Lawson
Secretary of State
Austin, Texas

Dear Sir:

Attention:  Mr. Frank D. Wear

Opinion No. O-3267
Re:  Are persons engaged in the business of buying and selling growing timber subject to and required to register under the provisions of the Texas Real Estate Dealers License Act?

Your recent request for an opinion of this department on the above stated question has been received.

We quote from your letter as follows:

"This department would appreciate having the benefit of your opinion as to whether or not persons engaged in the business of buying and selling of growing timber aresubject to and required to register under the provisions of the Texas Real Estate Dealers License Act, same being H.B. No. 17, Acts of the 46th Legislature, Regular Session.

"This department is in receipt of requests for information from several persons as to whether or not they are required to register under such Act when engaged in such business.

"It is our understanding that such persons make a sale of the standing timber before any timber deed has been executed and while the timber is a part of the realty.  However, we understand that it is always contemplated  by such parties that there will be a constructive severance at the time of the consumation of the transaction, and therefore, under the deed the title to the timber passes as personalty and not as realty."

Generally speaking a considerable body of case law has grown out of the ownership of logs and timber, litigation being found in the field of torts and contracts and also crimes.  (24 A.L.R. 316; 78 A.L.R. 842; Tex. Jur. Vol. 28, 362).  The word "timber", in its primary meaning, is "that sort of wood which is proper for buildings, or for tools, utensils, furniture, carriages, fences, ships, and the like, usually said of felled trees, but sometimes of those standing."  (McCauley v. State, 43 Tex. 374).

Disputes concerning property rights in logs or in standing timber may involve principles of law which are too numerous to mention. Growing timber or trees may for one purpose or another have the status of real property or personal property. (See McVey v. United Timber & Kaolin Ass'n., 270 S.W. 572; Fidelity Lumber Co. v. Adams, 230 S.W. 177). A fee simple or absolute estate in timber would seem to have the characteristics of real property in any legal situatioN. On the other hand, the interest or ownership which is conditioned upon a cutting and removal of the trees may have the character or status of real property for some purposes and personalty for others. (See E.L. Bruce Co. v. Hannon, 283 S.W. 862; Dunsmore v. Blount-Decker Lumber Co., 198 S.W. 603; Montgomery v. Peach River Lumber Co., 117 S.W. 1061).

We quote from Texas Jurisprudence, Vol. 28, page 369, as follows:

"'While it is true that standing timber is generally regarded as part of the realty, yet the owner may by contract constructively cause a severance, and for the purpose of a mortgage or sale convert it into personalty.'" (See Downey v. Dowell, 207 S.W. 585).

We quote from the case of Davis v. Conn, 161, S.W. 39 as follows:

"There are quite a number of generally reported cases dealing with the sale of growing trees upon the principal question of whether such sale operated to pass an interest in land or to be a sale of chattels only. By one line of the cases the question is answered that according to the facts therein the sale of growing trees operates to be a sale of an interest in land. By the other line of cases a sale of growing trees is held under the facts therein to be a sale of chattels only. And the reasons and principles determining the ruling in such cases upon the effect that should be ascribed to the sale could well be considered as furnishing a criterion to determine the effect to be given the sale in this case. A number of the cases rather turn on the point that in them the agreement of the parties was not made with a view to the removal and severance of the trees from the soil, but their remaining thereon; and standing trees being legally regarded as part and parcel of the land in which they are rooted and from which they draw their support, therefore, in that sense, the sale passed an interest to real estate. And the reason for the holding in a number of cases that a sale of growing trees is a sale of chattels only is that in the contemplation and agreement of the parties in such particular cases the sale was made in prospect of the severance and removal of the trees from the land, and not to remain on the land, and therefore, the sale was intended and operated to be a sale as chattels only."

We quote as follows:

"It is quite well settled by the cases that growing trees may by the agreement of the parties be severed, in contemplation of law, from the land, and be dealt with in the contract as personaty removable immediately or timely without an actual severance at the time." (Davis v. Conn, 161 S.W. 39; Downey v. Dowell, 207 S.W. 585:).

You state in your letter that "we understand that it is always contemplated by such parties that there will be a constructive severance at the time of the consumation of the transaction." Such being the case, as above stated, it is well settled that growing trees may by agreement of the parties be severed in contemplation of law, from the land, and be dealt with in contract as personalty removable immediately or timely without an actual severance at the time.

After carefully considering "The Real Estate Dealers' License Act" and the definition of the terms real estate dealer and real estate salesman as defined therein in connection with the Act as whole and the facts stated in your letter, together with the above mentioned authorities, we respectfully answer the above stated question in the negative.

Trusting that the foregoing fully answers your inquiry, we are

                    Yours very truly

                    ATTORNEY GENERAL OF TEXAS

                    By s/Ardell Williams
                         Ardell Williams
                         Assistant

AW:RS:wc


APPROVED APR 3, 1941
s/ Gerald C. Mann
ATTORNEY GENERAL O F TEXAS

Approved Opinion Committee by s/BWB Chairman


This opinion Considered and Approved in Limited Conference