### F. F. COLLINS MANUFACTURING CO. v. J. S. CARR ET AL.

### No. 674.

**Homestead—Rent of Not Exempt.**

   The usufruct of homestead property, such as a rental charge of so much per ton for coal mined from the land, is not exempt from garnishment. In the absence of any law creating the exemption, the income of homestead property, when it has taken independent form, is liable to the creditor.

APPEAL from Bexar. Tried below before Hon. S. G. NEWTON.

*C. A. Keller*, for appellant.—In the absence of any law creating the exemption, money due as a royalty for coal mined on a homestead is subject to garnishment. Waples on Homestead and Exemption, sec. 4, p. 242, and sec. 11, p. 816; Coates v. Caldwell, 71 Texas, 19, 22; Silberberg v. Trilling, 82 Texas, 523, 526; 1 W. & W. C. C., sec. 1072, pp. 605, 606; Kirby v. Giddings, 75 Texas, 681; Mann v. Kelsey, 71 Texas, 609; Blum v. Light, 81 Texas, 418, 419; Whittenberg v. Lloyd, 49 Texas, 633; Hogan v. Anuck, 62 Cal., 401; Citizens National Bank v. Green, 78 N. C., 247.

*B. B. Rose*, for appellees.

FLY, ASSOCIATE JUSTICE.—Appellant had obtained a judgment against John T. Lytle and Mrs. Josephine McDaniel, composing the firm of Lytle & McDaniel, and sued out a writ of garnishment against J. S. Carr, who answered that he was indebted to Mrs. McDaniel in the sum of fifty-five dollars, being rent for certain lands belonging to Mrs. McDaniel, and said land being a part of her rural homestead. The garnishee asked that Mrs. McDaniel be made a party and the rights of all

parties be fully adjudicated, in order that he might be protected. Mrs. McDaniel intervened in the suit and among other things alleged that the money due her by Carr was for rent of a portion of her two hundred acres homestead, and was not subject to garnishment. The cause was tried by the court, and judgment rendered for the garnishee and intervenor.

The contract of lease between Mrs. McDaniel and Carr was to the effect that he should have the right to mine coal on her homestead in consideration of the payment to her of ten cents per ton for each ton that was taken from the land. Is the amount due on the coal taken from the homestead subject to garnishment? There is no provision in the constitution or laws of Texas exempting rents arising from the homestead, or the products thereof, when detached from the soil, from forced sale. The rural homestead, under the constitution, consists of two hundred acres of land, and by law there is certain personal property reserved to every family exempt from every species of forced sale for the payment of debts. Rents do not appear in the list, and none of the products of the soil, except it might be that to be used for home consumption. We do not feel called upon to extend protection to property that the legislature evidently did not intend to protect. If crops grown upon the homestead, when detached from the soil, are not exempt because not enumerated in the law, we can see no reason for extending the law so as to include rents. Coates v. Caldwell, 71 Texas, 19.

It is evident that the ten cents due on each ton of coal taken from the land would partake no more of the homestead nature than a bushel of corn or bale of cotton raised on the homestead, and if the coal itself would not be protected from forced sale, we can see no reason for holding that the money due on it would be exempt from garnishment.

"The usufruct of homestead property is not exempt because that which produces it is so. In the absence of any law creating the exemption, the income of such property, when it has taken independent form, is liable to the creditor." Waples on Homesteads and Exemp., 242, citing Bank v. Green, 78 N. C., 247.

The judgment will be reversed and here rendered for appellant.

*Reversed and rendered.*

Delivered October 2, 1895.