## Houston Oil Company of Texas v. B. Boykin et al.

### No. 2540.   Decided November 27, 1918.

**1.—Conveyance of Growing Timber—Removal.**

Instruments which merely convey growing timber with a license to remove same, without stipulating the time within which it may or must be removed, imply the removal of the timber within a reasonable time. (P. 279.)

**2.—Same—Failure to Remove—Title.**

Where growing timber is sold with the right to remove within a limited time, or, by implication, within a reasonable time, the grantee acquires title only to so much as he may remove within the time allowed. (Pp. 279-281.)

**3.—Same—Case Stated.**

The owner of land sold the merchantable pine timber growing thereon, granting the vendee the right to enter on the land, to cut, and to carry away same. It being found that the grantee had failed to cut and remove the timber purchased within a reasonable time (ten years having elapsed) and grantors proceeding to cut and market same, the assignee of vendee sought to enjoin them from so doing. Held: that the contract implied an obligation

by vendee to cut and remove the timber within a reasonable time; that he took no title to any timber not cut and removed within such time; and that the injunction was properly refused. (Pp. 278-281.)

### 4.—Cases Followed.

Montgomery County Development Co. v. Miller-Vidor Lumber Co., 159 S. W., 1020; Carter v. Clark & Boice Lumber Co., 149 S. W., 278; North Texas Lumber Co. v. McWhorter, 156 S. W., 1153, approved and followed. (Pp. 279-281.)

Error to the Court of Civil Appeals for the First District in an appeal from Jasper County.

The Houston Oil Company of Texas brought suit in 1911 to enjoin Boykin and others from cutting timber to which plaintiff claimed title by purchase from defendants in 1900. The jury found that a reasonable time for plaintiff to cut and remove the timber purchased had already elapsed, and the trial court, holding the purchaser bound to remove in a reasonable time refused the injunction. This was affirmed on appeal by plaintiff, who thereupon obtained writ of error.

*Hightower; Orgain & Butler* and *W. H. Davidson (H. O. Head* of counsel), for plaintiff in error.—On construction of deeds: Lodwick Lumber Co. v. Taylor, 100 Texas, 270; Jones v. Lodwick Lumber Co., 99 S. W., 736; Beauchamp v. Williams, 115 S. W., 130; Carter v. Lumber Co., 149 S. W., 278; Enc. of Law, 2nd ed., p. 541, par. 3.

Record of deeds as notice: Lodwick Lumber Co. v. Robertson, 102 S. W., 141.

That title conveyed is not dependent upon removal: Peterson v. Gibbs, 109 Am. St. Rep., 107; Wilson v. Alderman, 128 Am. St. Rep., and note, 874.

As to covenants, forfeitures and conditions: Zimmerman Mfg. Co. v. Daffin, 42 So., 858, and the authorities there cited; Johnson v. Gurley, 52 Texas, 222; Railway Co. v. Titterington, 84 Texas, 218; Ewing v. Miles, 12 Texas Civ. App., 19, 33 S. W., 238; Pasture Co. v. Railway Co., 41 S. W., 544; Ecroid v. Coggeshall, 79 Am. St. Rep., 747, and note.

As to necessity for demand and refusal: Benavides v. Hunt, 79 Texas, 391.

As to rights of land owners after expiration of time granted, where title not limited, see Hoit v. Stratton Mills, 20 Am. Rep., 119; Zimmerman Mfg. Co. v. Daffin, 42 So., 858.

If the vesting of the title, as in this case, does not depend upon the act of cutting and removing, the free right of entry only is limited, and not the title to the timber. The cause, then, becomes one for damages and not a forfeiture of title, unless under the doctrine of conditions subsequent, the performance of which is demanded and refused. Peterson v. Gibbs, 109 Am. St. Rep., 107; Wilson v. Alderman, 128 Am. St. Rep., 874, and note; also the Texas cases above cited.

*L. A. Carlton,* as *amicus curiae,* filed argument and citation of authorities in support of the position of plaintiff in error. See briefs in Houston Oil Co. v. Hamilton, p. 272.

*Blake & Williams,* for defendants in error.—The two deeds only purport to convey "all the merchantable pine timber now standing and growing" with the right to go on the land for the purposes of removing same. Beauchamp v. Williams, 115 S. W., 131; Weaver & Starnes v. King, 98 S. W., 902; Morris v. Sanders, 43 S. W., 733; Montgomery Co. Dev. Co. v. Miller-Vidor Lbr. Co., 139 S. W., 1015; Carter v. Clark & Boice Lbr. Co., 149 S. W., 278.

On failure to remove standing timber within the time specified in the deed of conveyance, and where there is no time in a reasonable time, the same will be forfeited and revert to the owner of the land. Beauchamp v. Williams, 115 S. W., 131, and cases cited; Morris v. Sanders, 43 S. W., 733; Jackson v. Hardin, 87 S. W., 1119; Montgomery Co. Dev. Co. v. Miller-Vidor Lbr. Co., 139 S. W., 1015; Carter v. Clark & Boice Lbr. Co., 149 S. W., 278.

Where a conveyance of standing timber fails to express a time within which to remove same, grantee will be allowed only a reasonable time within which to remove same. Weaver & Starnes v. King, 98 S. W., 902; Beauchamp v. Williams, 115 S. W., 131; Morris v. Sanders, 43 S. W., 733; Montgomery, etc., Co. v. Miller-Vidor Lbr. Co., 139 S. W., 1015; Carter v. Clark & Boice Lbr. Co., 149 S. W., 278.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

This case involves the construction of the following written instruments:

"State of Texas, County of Jasper. This memorandum of agreement between Jake Norsworthy, Cyrus Boykins and his wife, Malinda Boykins, and Alfred McFarland and his wife, Paralee, witnesseth: that the said Jacob Norsworthy, Cyrus Boykins and his wife, Malinda, and Alfred McFarlane and his wife, Paralee, in consideration of the sum of $400 to them in hand paid by August Linstrom have bargained and sold to the said August Linstrom all of the merchantable pine timber now standing and growing upon two hundred and twenty-five acres of land in Jasper County, Texas, part of the Edward Good headright league (here follow field notes), and the said Jack Norsworthy, Cyrus Boykin and his wife, Malinda, Alfred McFarlane and his wife, Paralee, agree that the said Linstrom, his heirs, executors and assigns shall have liberty to go upon the said land to cut and fell said trees and to carry the same in such manner as shall be convenient to him.

Witness our hands this the 24th day of May, A. D. 1900.

　　　　　　　　　　　　Jack Norsworthy
　　　　　　　　　　　　Malinda Boykin
　　　　　　　　　　　　Cyrus Boykin
　　　　　　　　　　　　Paralee McFarlane
　　　　　　　　　　　　Alfred McFarlane."

"State of Texas,
County of Jasper.

This memorandum of an agreement between Anthony McFarland and August Linstrom, witnesseth: that said Anthony McFarland in consideration of $50.00 to him in hand paid by August Linstrom, have bargained and sold to August Linstrom all of the merchantable pine trees now standing and growing upon fifty acres of land in Jasper County, Texas, part of the Edward Good headright league, and subdivision in a three hundred acre tract, conveyed to Jack Norsworthy by Miss L. D. C. Good. (Here follow field notes.) And the said Anthony McFarlane agrees that the said August Linstrom, his heirs and assigns shall have liberty to go upon said land to cut and fell said trees and carry the same away in such manner as shall be convenient to him.

Witness my hand this the 24th day of May, A. D. 1900.

Anthony McFarlane

Amanda McFarlane."

The adjudged cases are generally in accord, and meet our full approval, in construing instruments like the above, which merely convey timber with a license to remove same, without stipulating the time within which it may or must be removed, as implying the removal of the timber within a reasonable time. 17 R. C. L., 1082; Montgomery Co. Dev. Co. v. Miller-Vidor Lbr. Co., 139 S. W., 1020 (3).

The cases are in utmost conflict, however, in declaring the legal consequences of clauses in conveyances of growing timber, express or implied, for removal of the timber within a limited time, be it within a stipulated or reasonable term.

Some of the decisions, notably in Alabama and New Hampshire, adopt the view that such a clause does not prevent an absolute title to the timber from passing to the vendee, the agreement to remove being interpreted as a mere covenant of the vendee. Zimmerman Mfg. Co. v. Daffin, 149 Ala., 380, 42 So., 858, 9 L. R. A. (N. S.), 663, 123 Am. St., 58; Hoit v. Stratton Mills, 54 N. H., 109, 20 Am. Rep., 119; Pierce v. Finerty, 76 N. H., 38, 76 Atl., 194, 79 Atl., 23, 29 L. R. A. (N. S.), 547.

Other decisions declare that a timber deed or contract, with such a clause, passes to the vendee a present title to the timber, defeasible by failure to remove the timber within the limited time. Beauchamp v. Williams (Texas Civ. App.), 115 S. W., 133; Macomber v. Railway Co., 108 Mich., 491, 66 N. W., 376, 32 L. R. A., 102, 62 Am. St., 713; Dennis Simmons Lumber Co. v. Corey, 140 N. C., 462, 53 S. E., 300; McRae v. Stilwell, 111 Ga., 65, 36 S. E., 604, 55 L. R. A., 513.

Many cases, and perhaps the weight of modern authority, support the rule that timber deeds and contracts, containing time limits for the removal of the timber, pass no title whatever, save to so much of the timber as the vendee may remove within the time limited. Carter v. Clark & Boice Lumber Co. (Texas Civ. App.), 149 S. W., 278; North Texas

Lumber Co. v. McWhorter (Texas Civ. App.), 156 S. W., 1153, 1154; Mengal Box Co. v. Moore, 114 Tenn., 596, 87 S. W., 415, 4 Am. & Eng. Ann. Cases, 1047, and note, p. 1050; Young v. Camp Mfg. Co., 110 Va., 678, 66 S. E., 843.

The reason for the rule last stated is well expressed in the opinion of Justice Levy in the case of Carter v. Clark & Boice Lumber Co. in the following language: "Having agreed to a limitation upon the right of removal, then the right of the purchaser to the timber is acquired by the act of removal and appropriation, and, as appropriation of the timber as such is dependent upon the removal from the soil, the intention of the parties would appear to be a contract of sale of such timber only as is removed within the time limited." 149 S. W., 278.

As several opinions have pointed out, it does not make much practical difference, with respect to the rights and remedies of the parties, whether we consider that the purchaser under these deeds and contracts acquires a present defeasible title or acquires title to only the timber removed. King v. Merriman, 38 Minn., 47, 35 N. W., 570. The far-reaching difference is between the cases holding either of the doctrines last mentioned and the cases holding, on the contrary, that the purchaser gets an absolute title to all timber described in the granting clause of the deed or contract, and that the removal clause operates only as a covenant.

After deliberate consideration, we find ourselves unable to concur in the conclusion that the removal clauses should be construed as mere covenants of the vendees. In Alabama, the Supreme Court refused to extend relief to one who had allowed the time limit to expire without removing timber contracted to him, for the reason that the vendee could not enter the land to remove the timber without committing a trespass and equity's process and powers could not properly be so employed as to aid in a trespass. Mt. Vernon Lumber Co. v. Shepard, 180 Ala., 148, 60 So., 825. It would seem useless to affirm that one has a title and then declare the title incapable of enforcement or protection in law or equity. The Supreme Court of New Hampshire refused to award damages to a timber vendee, against a vendor, who refused to allow him to cut timber, after the expiration of the contractual time limit, notwithstanding the court was committed to the doctrine that the clause fixing the time for removal of the timber did not prevent the vendee from being still invested with absolute title; and, in refusing such damages, the court indicated that it might not be disposed to adhere to the doctrine had it not become a rule of property in that State. Pierce v. Finerty, 76 N. H., 38, 29 L. R. A. (N. S.), 547, 76 Atl., 194. It can not be denied that if the rule be adopted that the vendee of timber, under deed or contract fixing a limited time for removal, express or implied, has an absolute title to timber not removed, after expiration of the time limit, this title must be treated as an empty and barren one, because non-enforcible, or it must be treated as entitling its holder to the timber on compliance with such conditions as may be judicially determined to be just and equitable. We are not at all inclined to

adopt that construction of contracts which would give to parties non-enforcible titles, and we do not believe that it would comport with the true intention of the parties for us to adopt a construction which would make the ultimate rights of each party ascertainable only after judicial inquiry. Moreover, we can not sanction any rule which in its nature invites and encourages differences and litigation.

It is the plain duty of this court to interpret these contracts, like all others, in such manner as will best carry out the intentions of the parties. And, we conclude that no rule will better accomplish that end than the one already approved by some of our Courts of Civil Appeals, under which title passes under contracts like those set out herein, to only so much timber as may be removed within a reasonable time.

The jury found that a reasonable time expired before the institution of this suit to enjoin the timber cutting, by the assignee of the vendee in these contracts, and this finding has been approved by the Court of Civil Appeals. The evidence supports the findings, and it follows that the judgments of the District Court and of the Court of Civil Appeals should be affirmed, and it is so ordered.

*Affirmed.*