## DREEBEN v. WHITEHURST.
### No. 1746—6196.

Commission of Appeals of Texas, Section A.

March 14, 1934.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, for plaintiff in error.

Eugene L. DeBogory, of Dallas, for defendant in error.

HARVEY, Presiding Judge.

This suit was brought by the defendant in error, C. M. Whitehurst, against the plaintiff in error, Mrs. Octavine Dreeben, to recover the sum of $5,000 as being the reasonable value of services performed for the latter by the former in procuring the passage by the commissioners' court of Dallas county of a certain order hereinafter set out. The case was tried to a jury, on special issues, resulting in a verdict and judgment in favor of the defendant in error for the sum of $2,500. Mrs. Dreeben appealed, and the Court of Civil Appeals affirmed the judgment of the trial court; Justice Looney dissenting. 45 S.W.(2d) 705.

The material facts, so far as need be stated, are substantially as follows:

On October 2, 1920, Dallas county, as party of the first part, and Israel Dreeben (now dead), and his wife, Mrs. Octavine Dreeben, as parties of the second part, executed the following instrument of writing, to wit:

"This agreement entered into this 2nd day of October, 1920, by and between the County of Dallas, hereinafter termed party of the first part, acting through the County Judge thereof, under order of Commissioners' Court, and Israel and Octavine Dreeben, hereinafter termed parties of the second part.

*"Intent:*

"Party of the first part being desirous of obtaining and securing gravel for the construction of roads in Dallas County, Texas, and parties of the second part being desirous of selling and disposing of certain gravel which is owned by them, the parties of the second part agrees and contracts to sell to the party of the first part certain gravel at the following location and upon the following conditions and terms.

*"Location:*

"Situated in the County of Dallas, and State of Texas, about eight miles N. W. from Dallas, and being a part of the Benj. Merrell 320 acres timbered tract of land, survey No. 909, Vol. 10; a part of one certain 40 acre tract of land out of the said survey, deeded to Octavine Dreeben by K. F. B. Schau, which deed is recorded in Book 485, page 618, of the Deed Records of Dallas County, Texas, and more fully described as follows: (Here follows the description by metes and bounds of a tract of 4 acres in said 40 acre tract.)

*"Classification:*

"Gravel as herein used is to mean all material that the party of the first part removes from the property, whether such material is stripping, pit run sand and gravel or washed and screened sand and gravel, but is not to include any material considered as over burden or stripping, or that is unsatisfactory, unless such material or gravel is removed from the property.

*"Quantity and conditions of removal:*

"The party of the first part agrees to remove from the above described property, seventy thousand (70,000) cubic yards of gravel, installing and operating, free from expense to the parties of the second part, such equipment, machinery, tools, and organization as are necessary for such removal, provided the land above described will furnish such seventy thousand (70,000) cubic yards of gravel; but in the event the land above described fails to furnish the seventy thousand (70,000) cubic yards of gravel, then and in that event

the party of the first part is granted the privilege and right to enlarge the workings or pit on adjacent land belonging to the parties of the second part at this time, to such an extent that the seventy thousand (70,000) cubic yards of gravel may be obtained, but such enlargement or increase shall not involve additional payment or compensation of any nature whatsoever by the party of the first part to the parties of the second part, and party of the first part is hereby granted the rights in and to such additional land, if any, as may be necessary to furnish the full amount of seventy thousand (70,000) cubic yards of gravel.

"Parties of the second part hereby grant and give to the party of the first part easements and rights-of-way, not less than twenty feet (20') in width, such as may be necessary for removing and transporting the said gravel from the pits, said rights-of-way being the most convenient routes and to be selected by the party of the first part; and said rights-of-way leading over the land of parties of second part to the public highways.

*"Manner of Payment:*

"Upon satisfactory proof of ownership by the parties of the second part, the party of the first part will pay to the parties of the second part the sum of Thirty Thousand Dollars ($30,000) which shall be full payment and compensation for the seventy thousand (70,000) cubic yards of gravel to be removed by the party of the first part, but the proof of such ownership shall be free from expenses to the party of the first part.

*"Determination of Quantity:*

"Cubic yard as herein mentioned is to mean 'Commercial Measurement' and is to be determined as follows:

"Cubic measurement is to be used and the quantity is to be determined by measurement of the gravel in its original position, or before its removal from the deposit for transportation to the washing and screening plant, if such be installed, or from the property.

"The parties of the second part agree to accept the measurements of the party of the first part, or may at their own expense, employ such person or persons as they may deem necessary to properly protect their interest.

"The property is at all times to be open to inspection of the parties of the second part.

*"Conveyance and Acknowledgment:*

"Parties of the second part hereby bargain, sell, and convey to the party of the first part and the County Judge thereof, and his successors in office, all the right, title and interest in and to the land hereinbefore described and the land adjacent and adjoining thereto in any or all directions, for the purposes hereinbefore set out, and when party of the first part shall have fully received the seventy thousand (70,000) cubic yards of gravel, as provided for herein, all the right, title, interest, and possession in said land shall revert to the parties of the second part, their heirs and assigns forever.

"Witness our hands at Dallas, Texas, this Second day of October, 1920."

On November 22, 1928, the commissioners' court of Dallas county made and entered the following order:

"Be it Remembered that on this the 22nd day of November, A. D. 1928, the Commissioners Court of Dallas County, Texas, being in regular session, on motion made by Commissioner J. W. Slaughter and duly seconded by J. W. Gill, Commissioner of said County, the following order was passed:

"That on heretofore, towit, the 2nd day of October, 1920, the County of Dallas, Texas, acting through its duly authorized officers, leased from Israel Dreeben and wife, Octavine Dreeben, a certain tract or parcel of land lying and being situated in the County of Dallas, State of Texas, about eight miles N. W. from Dallas, and being a part of the Benj. Merrell 320 acres timbered tract of land, Survey No. 909, Vol. 10, for the purpose of procuring gravel therefrom said contract being of record in the Deed Records of Dallas County, Texas, Volume ——, page ——; and

"Whereas, Israel Dreeben, one of the lessors is dead, and his surviving wife and Independent Executrix, Mrs. Octavine Dreeben, has filed with the Commissioners Court of Dallas County, Texas, her petition and application for the release of said property described in said contract by the County of Dallas, Texas, and that same should be released to her with the exception of the following described property mentioned in said contract: (Here the excepted tract of 4 acres is described as in the other instrument set out above.)

"It is therefore, ordered, adjudged and decreed by the Court, that the land and premises belonging to estate of Israel Dreeben, deceased, and Mrs. Octavine Dreeben, his surviving wife, be and the same are hereby released, relinquished and forever quitclaimed from and by virtue of the contract above mentioned and the same is declared of no further force and effect, save and except, however, the four acres hereinabove mentioned and described in said original contract, and as to

which four acres the original lease contract is hereby declared to be in full force and effect."

The making and entry of the above order was brought about by the efforts of the defendant in error in behalf of Mrs. Dreeben. The record in the present case shows, beyond serious question, that the case was determined in the trial court on the theory that, in procuring the commissioners' court to make and enter the above order, the defendant in error recovered for Mrs. Dreeben all the land referred to in the instrument of October 2, 1920, except the 4 acres described in the order of the commissioners' court. Not only the averments of the defendant in error's petition, but all the testimony introduced by him to prove the value of his services in procuring said order, proceed upon the theory or assumption that said land was thereby recovered from the county for Mrs. Dreeben. With this theory discarded, there is no reasonable basis in the testimony for a jury finding that the services performed by the defendant in error were worth $2,500. In the interest of brevity we refer to the dissenting opinion of Justice Looney, where the condition of the record in this respect is shown in detail. 45 S.W.(2d) 709.

The instrument of October 2, 1920, did not have effect to invest the county with title to any of the land involved in this controversy. It did not even operate to invest the county with title to any gravel in place in or under the land. With regard to the land involved in this controversy, the principal effect of the instrument was conditionally to license the county to go on the land and, within a reasonable time, remove therefrom a limited quantity of gravel and thus acquire title to the gravel so removed. Houston Oil Co. v. Boykin, 109 Tex. 276, 206 S. W. 815. This was a property right which the commissioners' court could not lawfully give away. The order made by that body, on November 22, 1928, did not effect a transfer to Mrs. Dreeben of any rights at all.

Inasmuch as the amount of the verdict cannot be justified except upon the theory that the defendant in error recovered for Mrs. Dreeben the land in question, the judgment of the trial court is essentially unsound. The vice goes to the foundation of the judgment. The error in this respect was, we think, sufficiently pointed out in the brief filed in the Court of Civil Appeals by counsel for Mrs. Dreeben.

We recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be reversed, and that the cause be remanded.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.