### COOPER v. COCKE et al.

### No. 4824.

Court of Civil Appeals of Texas. Amarillo.

Oct. 28, 1940.

Rehearing Denied Dec. 2, 1940.

Geo. J. Jennings, of Tulia, for appellant.

Dennis Zimmermann, of Tulia, for appellee J. D. Cleveland.

FOLLEY, Justice.

On February 22, 1935, C. L. Cooper recovered judgment in the County Court of Swisher County, Texas, against J. W. Vaughn in the sum of $527.70. From such judgment there was no appeal. Thereafter on July 13, 1935, upon proper application therefor, the plaintiff Cooper obtained the issuance of a writ of garnishment under such judgment upon C. J. Cocke and W. W. Braden, a partnership doing business under the firm name of Cocke & Braden. Such writ was duly served on July 14, 1935, citing the garnishees to make their answer in statutory form at the next term of the county court to be held on July 15, 1935.

The only answer or petition of the garnishees appearing in the record is one filed August 24, 1935, but this instrument shows on its face it was an amended pleading filed in lieu of the first answer theretofore filed at the time the county court convened July 15, 1935. The pleading of the garnishees brought forward in the record is denominated their "Interpleader Petition." In the amended pleading it is shown that in the first answer theretofore filed J. W. Vaughn was impleaded as a defendant in the garnishment. It is also asserted in such

amended pleading that on June 14, 1935, the day the writ was served, the garnishees were indebted to the defendant Vaughn in the sum of $93; that at the time of making their answer at the July term, 1935, they were indebted to Vaughn in the sum of $352.05; and that since the filing of their answer in July, 1935, there had accrued the further sum of 83¢, making a total of $352.-88 due Vaughn on August 24, 1935, the date their amended pleading was filed. In such pleading it was further shown that the indebtedness due Vaughn was for caliche obtained from land belonging to Vaughn, which caliche was used by the garnishees in the construction of a highway in Swisher County in connection with their contract with the State Highway Department of Texas. With such pleading the garnishees deposited the sum of $352.88 into the registry of the court to be awarded by the court to the person entitled thereto and asked that the court allow the garnishees $25 as attorneys' fees expended by them in connection with the filing of such pleading.

The defendant Vaughn answered denying the garnishees owed him anything, asserting that his contract and agreement with reference to the sale of caliche was with the highway department and not with Cocke & Braden. In the alternative he pleaded that if the garnishees owed him the money that the same represented the proceeds from the sale of a portion of his homestead; that six months' time had not elapsed from the sale of such caliche; and that such fund was not subject to garnishment.

On May 28, 1936, the date of the trial of this case, J. D. Cleveland, with the permission of the court, filed his plea of intervention claiming the funds deposited by the garnishees by reason of an alleged oral assignment to him from the defendant Vaughn of the date of August 1, 1935, to secure the repayment of $400 loaned by him to Vaughn on such date.

Trial was had before the court without a jury. The court found that the funds deposited by the garnishees were not subject to garnishment because they represented the proceeds from the sale of minerals in place from the homestead of the defendant. The court also concluded that there was no privity of contract between the defendant Vaughn and the garnishees. He further found that the defendant Vaughn had made a valid assignment of the impounded fund to the intervener Cleveland

and rendered judgment for the full amount thereof in favor of Cleveland, denying the plaintiff Cooper any recovery by reason of the garnishment. Judgment was also rendered for the garnishees for $25 as attorneys' fees, but said amount was not ordered paid out of the impounded funds deposited in the court but was merely taxed as costs.

The chief controversy in this appeal is whether or not the contract for the sale of caliche herein involved was a conveyance of minerals in place, thus constituting a transfer of realty the proceeds of which would be exempt from garnishment under the provisions of article 3834, R.C.S. of 1925.

The contract upon which the deposited fund accrued was made April 12, 1934, between J. W. Vaughn, party of the first part, and the State of Texas, State Highway Department, party of the second part. Such contract provides, among other things, as follows:

"Whereas, the Party of the Second part contemplates the utilization of acceptable Caliche material for road building purposes on State Highway No. 9, extending from Hale County Line to Happy, in Swisher County, and

"Whereas, preliminary investigations have indicated that acceptable material of this nature is available from lands hereinafter described, owned/controlled by the Party of the First Part, and

"Whereas, the Party of the First Part desires to sell any or all of this acceptable material:

"Witnesseth: The Party of the First Part for, and in consideration of one dollar ($1.00) and other valuable consideration, receipt of which is hereby acknowledged, does hereby agree to hold for the exclusive use of the Party of the Second Part all Caliche material occurring on said lands, hereinafter described, and to sell any or all of this material that may prove acceptable to the Party of the Second Part at the unity royalty price of Three Cents (3¢) per cubic yard. The Party of the First Part hereby further agrees to indemnify and save harmless the Party of the First Part (Second Part) from any and all damage, or loss, that may develop from existing mortgages or liens on the lands hereinafter described.

"The Party of the Second Part agrees to pay for accepted material at the unity royalty rate designated above by the Party of

the First part. Only one royalty payment will be made for each project involved. This/these royalty payment (s) will be made at such time as the/each project is finaled. No royalty payment will be made for strippings of quarry or other unsuitable material, whether at quarry or delivered on the road.

"It is mutually agreed that payment will be made only for acceptable material, measured loose measurement in vehicles as delivered at points on the road designated by the duly authorized representative of the Party of the Second Part. It is further mutually agreed and understood that the agents or contractors for the Party of the Second part are to have free ingress to and egress from said lands, hereinafter described, for the purpose of excavating and removing said material. All fences, gates and other existing improvements on the said lands, hereinafter described, after removal of all material desired by the Party of the Second Part, shall be placed in a condition comparable in repair to their former state by the Party of the Second Part, its agent or contractor."

The contract further provided that the agreement should expire two years from its date unless the second party, its agent or contractor, was actually engaged in removing said material, in which event it should remain in effect until all such material desired by the second party had been removed. The land described in the instrument from which the caliche was to have been obtained was admittedly the homestead of the defendant Vaughn.

It is our opinion the above contract did not convey, nor was it intended to convey, an interest in the land, but merely conveyed as personalty such caliche as was acceptable to the highway department. Even without a provision in the contract with reference to "acceptable material" we would not be disposed to hold, under the facts of this case, that it was contemplated by the parties that caliche in place or realty was being transferred under the instrument, but with such provision in the contract we think there can be no doubt as to the intention of the parties. This provision necessarily implies that an examination of the suitability of the material was to be made by the second party, its agent or contractor, with the attendant right to accept or reject any portion thereof. Such an examination could have been thoroughly performed, and acceptance or rejection definitely made, only after the caliche had been severed from the soil and reduced to a status of personal property.

We can perceive no distinction in a case of this sort involving caliche and one involving gravel. In the case of Dreeben v. Whitehurst, Tex.Com.App., 68 S.W.2d 1025, 1027, involving a contract very similar to the one in the instant case, it became material to determine whether the contract for the sale of gravel either passed title to the land containing the same or to gravel in place in or under the land. In disposing of the issue Judge Harvey, speaking for the Commission of Appeals, said: "The instrument of October 2, 1920, did not have effect to invest the county with title to any of the land involved in this controversy. It did not even operate to invest the county with title to any gravel in place in or under the land. With regard to the land involved in this controversy, the principal effect of the instrument was conditionally to license the county to go on the land and, within a reasonable time, remove therefrom a limited quantity of gravel and thus acquire title to the gravel so removed. Houston Oil Co. v. Boykin, 109 Tex. 276, 206 S.W. 815."

We therefore hold that the money due from the sale of the caliche did not constitute proceeds from the sale of the homestead or any portion thereof in such manner as to be exempt from garnishment or forced sale. F. F. Collins Mfg. Co. v. Carr et al., 11 Tex.Civ.App. 364, 32 S.W. 366; Carter v. Clark & Boice Lumber Co., Tex. Civ.App., 149 S.W. 278; Sutton v. Wright & Sanders, Tex.Civ.App., 280 S.W. 908.

Having thus disposed of the issue with reference to the proceeds from the sale of the caliche being subject to the garnishment, there remains to be decided only the controversy between the plaintiff and the intervener as to which of such claimants is entitled to the impounded fund.

The intervener Cleveland asserts that the judgment in his favor should not be disturbed because there was no privity of contract between the defendant Vaughn and the garnishees Cocke & Braden and the contract with the State Highway Department was not assignable nor was it assigned. We think the above agreement shows on its face that it was made for the benefit of such contractor or contractors as might be employed under contract by the State Highway Department to construct the highway in question in Swisher County.

Moreover, there was introduced into evidence enough of the road construction agreement between the State Highway Department and Cocke & Braden to show that the caliche contract with Vaughn had been assigned to Cocke & Braden and that such contractors had agreed to make payments direct to Vaughn for accepted material removed from his premises. This contention of the intervener is therefore without merit.

■ The action of the court in awarding the impounded fund to the intervener was based upon the theory that the oral assignment made by Vaughn to Cleveland on August 1, 1935, was a valid assignment made prior to the time the money was deposited into court and therefore entitled the intervener to the fund. In view of our holding that the fund was subject to garnishment, this theory of the trial court, we think, was erroneous and the judgment in behalf of Cleveland was unwarranted. It will be noted above that the writ of garnishment was served upon the garnishees on June 14, 1935, such writ being returnable July 15, 1935, the date of the beginning of the July, 1935, term of the County Court of Swisher County. On June 14, 1935, the record shows by the pleading of the garnishees that they were indebted to Vaughn in the sum of $93, and at the time of the filing of their first answer at the term of court beginning July 15, 1935, they owed Vaughn $352.05. At the filing of their amended pleading on August 24, 1935, which was denominated their "Interpleader Petition", the former indebtedness of $352.05 had been increased 83¢ to a total then of $352.88.

Although the garnishee may not be charged with debt or effects which come into his hands after the date named for his answer (Medley v. American Radiator Co. et al., 27 Tex.Civ.App. 384, 66 S.W. 86, writ of error refused), only 83¢ of the impounded fund accrued thereafter and such amount is so infinitesimal we shall not further notice it. It is equally true that a writ of garnishment impounds all funds due at the time the writ is served and all funds thereafter maturing prior to the date named in the writ requiring the garnishee to answer. 20 Tex.Jur. 815, para. 86. The rule also obtains that the defendant may not, after the service of the writ, dispose of such impounded funds by assignment or otherwise, and this is true even though the debt accrues after the service of the writ. Gause v. Cone, 73 Tex. 239, 11 S.W. 162, 163. In the case just cited the Supreme Court of Texas, speaking through Justice Henry, said: "As between the debtor and the plaintiff in garnishment, the superior right to the money is in the plaintiff in garnishment. To say that the debtor may transfer the garnished debt to a third person, so as to defeat the garnishment, is to recognize in the debtor a power to invest his assignee with a property in the debt that he does not own himself."

■ We are further fortified in our holding that Cleveland was not entitled to the impounded fund because the testimony, in our opinion, is insufficient to support a valid equitable assignment. The evidence on the issue shows only a mere promise upon the part of the defendant Vaughn to pay his debt to Cleveland out of the fund to be received by Vaughn from the sale of gravel. Cleveland's own interpretation of the agreement between him and Vaughn was that he expected that "if and when Mr. Vaughn ever got the money, he would come and pay it to me". Such an agreement does not meet the test of an equitable assignment.

In 5 Tex.Jur. 25, para. 19, it is said: "But a mere promise, though clear and solemn, to pay a debt out of a particular fund, is not an assignment, even in equity. There must be such an actual or constructive appropriation of the subject matter as to confer a complete and present right on the party meant to be provided for, even where the circumstances do not admit of its immediate exercise; and the holder or owner of the fund must not be left with any control over it."

Again, on this same subject, in Davis & Goggin v. State Nat. Bank of El Paso et al., Tex.Civ.App., 156 S.W. 321, 327, writ of error refused, we find this language: "On the other hand, a mere agreement, whether by parol or in writing, to pay a debt out of a designated fund of itself is not sufficient; there must be an appropriation of the fund pro tanto either by an order on the specific fund or by transferring the amount otherwise in such a manner that the holder of the fund is authorized to pay the amount directly to the creditor, without the further intervention of the debtor. In other words, an equitable assignment can be effected only by a surrender or control over the funds or property assigned. For instance, the mere promise of a debtor that he will pay a debt out of particular

funds is not sufficient; there is lacking the specific appropriation of the fund pro tanto and surrender of control thereof."

We are therefore of the opinion the plaintiff Cooper, and not the intervener Cleveland, was entitled to recover the impounded fund.

In view of our holdings above, the judgment of the trial court will be reversed and here rendered that the garnishees, Cocke & Braden, recover their attorneys' fees in the sum of $25 out of the fund deposited by them into the registry of the court and the balance thereof shall be paid to the plaintiff C. L. Cooper.

Reversed and rendered.