

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

May 14, 1974

The Honorable Clayton T. Garrison
Executive Director
Texas Parks & Wildlife Department
John H. Reagan Building
Austin, Texas 78701

Dear Mr. Garrison:

Opinion No. H- 303

Re: Are sales of gravel, etc.,
by Parks and Wildlife Dept.
subject to sales taxes under
Article 20.01, Taxation-General,
and Article 1066c, V. T. C. S. ?

Article 4053d, V. T. C. S., gives to the Parks and Wildlife Department authority to sell state owned marl, gravel, sand and shell. And see also Article 4053, V. T. C. S.

Your question is whether sales made under Article 4053d are subject to taxation under the Limited Sales, Excise and Use Tax Act provided by Chapter 20 of Taxation-General, V. T. C. S. The basic provision imposing the tax is found in Article 20.02 which provides:

> "There is hereby imposed a limited sales tax
> at the rate of four per cent (4%) on the receipts from
> the sale at retail of all taxable items within this State."

The terms employed in this Article are defined in Article 20.01. From those definitions there can be little doubt but that the sale of state owned marl, gravel, sand and shell by the Texas Parks and Wildlife Department pursuant to Article 4053d is a sale at retail and the question then is whether the marl, gravel, sand and shell constitute taxable items.

Article 20.01(W) defines taxable items to mean "tangible personal property." Tangible personal property, on the other hand, is defined in Article 20.01(P) as "personal property which may be seen, weighed, measured, felt or touched, or which is in any other manner perceptible to the senses." The Act does not define "personal property." In <u>Sutton v. Wright & Sanders</u>, 280

S. W. 908 (Tex. Civ. App., San Antonio, 1926, no writ), a suit for breach of an oral contract to purchase and sell gravel in place, the court held that the sale of gravel to be removed from the soil was a sale of a chattel and not a sale of real property.

In Cooper v. Cocke, 145 S. W. 2d 275 (Tex. Civ. App., Amarillo, 1940, no writ), the court held that an agreement for the sale of caliche from a homestead to the State Highway Department at a price per cubic yard did not constitute a sale of homestead or of any portion thereof in such manner as to be exempt from garnishment under this statute.

These two cases lead us to conclude that marl, gravel, sand and shell, when the subject of a contract of sale separate from the real property, are personal property within the meaning of Article 20.01(P) and constitute tangible property, the equivalent of taxable items, so as to make their sale subject to the tax imposed by the Limited Sales, Excise and Use Tax Act.

Your second question, asked in the event of an affirmative answer to the first, is whether such sales are subject to the Local Sales and Use Tax Act, Article 1066c, V. T. C. S. Section 2B of Article 1066c provides that the sales tax portion of any local sales and use tax adopted under that Article is imposed within any city adopting such tax upon items which are subject to taxation by the State under the provisions of the Limited Sales, Excise and Use Tax Act. For that reason we conclude that the sale of marl, gravel, sand and shell by the Texas Parks and Wildlife Department consummated "within any city adopting such tax" is subject to the local sales and use tax if one has been adopted by that city. Your second question, therefore, is answered in the affirmative.

The third question asks where such sales are consummated for the purpose of the local sales tax.

Sutton v. Wright & Sanders, supra, and Cooper v. Cocke, supra, would seem to compel the conclusion that the sale of tangible personal property, including marl, gravel, sand and shell, is consummated at the place where the personal property is severed from the real estate.

The Honorable Clayton T. Garrison, page 3   (H-303)

## SUMMARY

Sales of marl, gravel, sand and shell by the
Texas Parks and Wildlife Department, pursuant to
Article 4053d, V.T.C.S., are subject to taxation
by the State under the Limited Sales, Excise and
Use Tax Act and by appropriate cities under the
Local Sales and Use Tax Act. For the purpose of
local sales taxes, the sale is consummated and the
tax is payable to any city in which the marl, gravel,
sand and shell are severed from real estate.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee