**James W. DARNELL, et al., Appellants,**

v.

**McLENNAN COUNTY, A Political Sub-Division of the State of Texas, Appellee.**

**No. 10–83–268–CV.**

Court of Appeals of Texas, Waco.

May 10, 1984.

Rehearing Denied June 7, 1984.

Fred Horner, Dunnam, Dunnam, Horner & Meyer, Waco, for appellants.

James E. Wren, W.C. Haley, Haley & Davis, Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs (Darnell and Bosque Gravel Company) from judgment they take nothing in suit against defendant McLennan County on a contract. Plaintiffs sued defendant County alleging plaintiffs and defendant entered a written contract under which the County contracted to purchase and remove 100,000 cubic yards of gravel per year for 5 years, for 40 cents per cubic yard, from plaintiffs' described 117-acre tract of land; that defendant County bought, removed [and paid for] some gravel in 1979, 1980 and 1981 but less than the specified amount; and plaintiffs sought judgment for the deficiency.

Defendant answered (among other matters) the contract upon which suit is founded is a contract for gravel for road material; was not entered into pursuant to the submission of competitive bids, and is therefore void and unenforceable.

Trial was to the court without a jury which after hearing rendered judgment plaintiffs take nothing.

Plaintiffs appeal contending, among other matters, the contract sued on constitut-

ed a conveyance of an estate and interest in land in McLennan County and is not within the terms of Article 1659, VATS, requiring competitive bids.

The parties stipulated that the contract alleged by plaintiffs was not submitted to competitive bids. Article 1659, VATS, provides "supplies of every kind, road and bridge material, or other material for the use of said county * * * must be purchased on competitive bids * * *". Article 2368a, Sec. 2(b) provides that as to contracts for the "purchase of land and right-of-way for authorized needs and purposes", the provisions requiring competitive bids shall not apply.

Plaintiffs contend the contract to sell defendant County the gravel was an interest in land; that the provisions of Article 1659, VATS, do not apply, but that Article 2368a applies.

The contract is entitled "Agreement for Purchase of Road Material" by and between McLennan County and Bosque Gravel Company. Plaintiffs agreed to sell pit run gravel for 40 cents per cubic yard to the County, and the County agreed to purchase 100,000 cubic yards of gravel from the described location each year for 5 years. The County was to remove the gravel.

We think under the contract of the parties that the sale of gravel as a chattel was contemplated, together with license by the County to go on the land and remove therefrom such gravel; and that the contract does not constitute a purchase of land as contemplated by Article 2368a. *Waco-Tex Materials Co. v. Lee*, CCA (Waco) NRE, 210 S.W.2d 886; *Cooper v. Cocke*, CCA (Amarillo) NWH, 145 S.W.2d 275; *Dreeben v. Whitehurst*, Com.Appls., 68 S.W.2d 1025; *Terry v. Cutts*, CCA (Austin) NWH, 26 S.W.2d 739; *Dashko v. Friedman*, CCA (Texarkana) NWH, 59 S.W.2d 203; *Sutton v. Wright & Sanders*, CCA (San Antonio) NWH, 280 S.W. 908; *Houston Oil Co. v. Boykin*, 109 Tex. 276, 206 S.W. 815. Article 1659, VATS, requiring competitive bids is controlling and is here applicable.

Plaintiffs' points and contentions are overruled.

AFFIRMED.

THOMAS, J., not participating.