OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



September 1, 1999

The Honorable Robert G. Neal, Jr.  Opinion No. JC-0104
Sabine County Attorney
P.O. Box 1783  Re:    Whether a county may exchange surplus
Hemphill, Texas 75948  property for non-monetary consideration (RQ-0029)

Dear Mr. Neal:

Sabine County has solicited bids on surplus county equipment pursuant to chapter 263, subchapter D of the Local Government Code, and has received a bid offering non-monetary consideration, specifically rock worth $20,000, in exchange for certain items of surplus property. Your predecessor asked whether the commissioners court may accept this bid. We conclude that the commissioners court may not accept the bid offering non-monetary consideration in exchange for the surplus county equipment.

The authority of the commissioners court over county business is limited to that specifically conferred by the constitution and statutes, although the court possesses broad discretion to accomplish those granted powers. *Canales v. Laughlin*, 214 S.W.2d 451 (Tex. 1948); *Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941). Chapter 263, subchapter D of the Local Government Code provides for the disposition of surplus as well as salvage property owned by the county. Salvage property has no value for the purpose for which is was intended, while "surplus property" is personal property that is not currently needed by the owner or required for the owner's foreseeable needs and that possesses some usefulness for the purpose for which it was intended. TEX. LOC. GOV'T CODE ANN. § 263.151 (Vernon 1999). Section 263.152 of the Local Government Code provides that the commissioners court of a county may:

> (1) periodically sell the county's surplus or salvage property by competitive bid or auction, except that competitive bidding or an auction is not necessary if the purchaser is another county or a political subdivision within the county that is selling the surplus or salvage property;[1]

---

[1] The phrase following "another county" was added by the 76th Legislature. *See* Act of May 13, 1999, 76th Leg., R.S., H.B. 1506, § 1 (to be codified as an amendment to TEX. LOC. GOV'T CODE ANN. § 265.152(a)(1)) (effective May 28, 1999).

(2) offer the property as a trade-in for new property of the same general type if the commissioners court considers that action to be in the best interests of the county; or

(3) order any of the property to be destroyed or otherwise disposed of as worthless if the commissioners court undertakes to sell that property under Subdivision (1) and is unable to do so because no bids are made.

(b) If the property is earth-moving, material-handling, road maintenance, or construction equipment, the commissioners court may exercise a repurchase option in a contract in disposing of property under Subsection (a)(1) or (a)(2). The repurchase price of equipment contained in a previously accepted purchase contract is considered a bid under subsection (a)(1) or (a)(2).

(c) The commissioners court may dispose of property under Subsection (a)(3) by donating the property to a civic or charitable organization located in the county.

This statute expressly authorizes the commissioners court to dispose of surplus property in one of several specific ways. While it may offer the property as a trade-in for new property of the same general type or, in the case of certain heavy equipment, exercise a repurchase option in a contract, it has no other express authority to trade surplus property for non-monetary consideration. Attorney General Opinion JM-1248 (1990) determined that the county's authority to dispose of surplus property under an earlier version of section 263.151 was limited to the authority expressly given, concluding that it lacked authority to exercise a repurchase option. The legislature subsequently adopted subsection 263.152(b) to expressly authorize the commissioners court to exercise a repurchase option in a contract for various kinds of heavy equipment. Act of May 14, 1991, 72d Leg., R.S., ch. 416, § 3, 1991 Tex. Gen. Laws 1580, 1581. Accordingly, the Commissioners Court of Sabine County has no authority to exchange surplus property for a non-monetary consideration unless such authority can be found within the language of section 263.152 of the Local Government Code.

The proposed exchange of property is not a trade-in within section 263.152(a)(2) or the exercise of a repurchase option under section 263.152(b)(2). It is not a donation to a civic or charitable organization located in the county. TEX. LOC. GOV'T CODE ANN. § 263.152(c) (Vernon 1999). Nor, in our opinion, does the commissioners court's authority under subsection 263.152(a)(1) to "sell" the county's surplus property "by competitive bid or auction" include the trade or barter of property. The Code Construction Act, chapter 311 of the Government Code, states the following rule for construing terms used by the legislature:

(a) Words and phrases shall be read in context and construed according to the rules of grammar and common usage.

> (b) Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.

TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998).

The Oxford English Dictionary defines "sell" in its "chief current sense" as meaning "[t]o give up or hand over (something) to another person for money (or something that is reckoned as money)." XIV Oxford English Dictionary 935 (1989) (verb form of "sell," B.3.). In our opinion, the word "sell" in subsection 263.152(a)(1) of the Local Government Code is used in this sense. There is no legislative definition of "sell" as it appears in this provision. In contrast, the legislature has expressly defined "sell" to include "barter" in the context of certain statutes, where it wished to reach a broad range of transfers. Chapter 484 of the Health and Safety Code, which penalizes certain transactions involving volatile chemicals and inhalant paraphernalia, defines "sell" as meaning "to offer for sale, convey, exchange, barter, or trade to a consumer or user." TEX. HEALTH & SAFETY CODE ANN. § 484.001(5) (Vernon 1992); see also TEX. AGRIC. CODE ANN. § 13.001 (Vernon 1995) ("sell" includes "barter or exchange" for purposes of statutes on weights and measures); TEX. PARKS & WILD. CODE ANN. § 1.101(3) (Vernon 1991) (providing that "'[s]ell' means to transfer the ownership or the right of possession of an item to a person for consideration and includes a barter and an even exchange"). Accordingly, "sell" within section 263.152(a)(1) of the Local Government Code means to transfer something to another person for money or its equivalent.

Moreover, section 263.152 makes no provision for valuing a non-monetary consideration received in exchange for surplus property. The provision for disposition of the proceeds of a sale under section 263.152(a)(1) also indicates that the legislature had a monetary consideration in mind. Section 263.156 of the Local Government Code provides as follows:

> Unless otherwise provided by law, the commissioners court shall deposit the proceeds from the sale of surplus or salvage property:
>
> (1) in the county treasury to the credit of the general fund or the fund from which the property was purchased; or
>
> (2) if the property was used for maintenance or construction of county roads and bridges, in the county treasury to the credit of the county road and bridge fund.

TEX. LOC. GOV'T CODE ANN. § 263.156 (Vernon 1999). Because this statute applies to the "proceeds from the sale" of surplus property it applies to the sale of such property under section 263.152(a)(1), but not to offering surplus property as "a trade-in for new property of the same general type" pursuant to section 263.152(a)(2).

When the proceeds of a sale go into the treasury, they become subject to a number of statutory controls. The commissioners court may spend county funds only in strict compliance with

the budget. *Id.* § 111.010(b) (Vernon 1999). The county treasurer "shall pay and apply the money as required by law and as the commissioners court may require or direct, not inconsistent with law." *Id.* § 113.041(a). A warrant must be countersigned by the county auditor "to validate it as a proper and budgeted item of expenditure." *Id.* § 113.043. Money may be used for a variety of county purposes, but a non-monetary consideration, such as rock, is usable only in limited ways. Unlike money, a non-monetary consideration cannot be applied according to the county budget for the year, nor is it subject to the statutory controls applicable to disbursements from the county treasury. In the absence of provisions for valuing, allocating and accounting for non-monetary consideration, we conclude that the legislature did not intend a county to accept such consideration in exchange for surplus property.

The proposed transaction is moreover two transactions: the disposition of surplus property and the acquisition of rock. If the county wishes to acquire rock for a county purpose, it must comply with the applicable county purchasing laws. *See Darnell v. McLennan Co.*, 671 S.W.2d 686 (Tex. App.--Waco 1984, writ ref'd n.r.e.) (where contract for purchase of gravel was subject to competitive bid requirement and county did not comply with requirement, contract was void). For example, if the commissioners court intends to enter into a contract requiring an expenditure exceeding $15,000,[2] it must comply with the competitive bidding or competitive proposal procedures prescribed by subchapter C, chapter 262 of the Local Government Code. TEX LOC. GOV'T CODE ANN. § 262.023(a) (Vernon 1991). The commissioners court is required to award the contract "to the responsible bidder who submits the lowest and best bid" or "reject all bids and publish a new notice." *Id.* § 262.027(a). If a county purchasing agent has been appointed pursuant to section 262.011 of the Local Government Code, that person "shall purchase all supplies, materials, and equipment required or used, and contract for all repairs to property used, by the county . . . except purchases and contracts required by law to be made on competitive bid." *Id.* § 262.011(d). Even when a purchase is not subject to a competitive bidding or other purchasing statute, the commissioners court must come to a decision that the county needs to acquire the property in question. *See Anderson*, 152 S.W.2d at 1085 (commissioners court is the general business and contracting agency of the county).

There may be circumstances where a county might benefit from trading surplus property for a non-monetary consideration of equal value. We are, however, construing a statute that applies to all dispositions of surplus and salvage property in Texas counties, and that contains no language authorizing such exchanges. We conclude that the Commissioners Court of Sabine County may not accept a bid offering non-monetary consideration in exchange for surplus county equipment.

---

[2]After September 1, 1999, section 262.023 of the Local Government Code will apply to contracts requiring an expenditure exceeding $25,000. Act of May 21, 1999, 76th Leg., R.S., S.B. 1669, § 2 (to be codified as an amendment to TEX. LOC. GOV'T CODE ANN. § 262.023) (effective Sept. 1, 1999).

# S U M M A R Y

A county, in disposing of surplus property under section 263.152 of the Local Government Code, has no authority to exchange the surplus property for a non-monetary consideration. The county's authority to sell surplus property under section 263.152 does not include authority to trade it for non-monetary consideration.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee